ISABELLE E. DE MILIO, as Administratrix of the Estate of DOMINICK DE MILIO, Deceased, Respondent, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant.

Third Department, December 5, 1961.

*Louis J. Lefkowitz, Attorney-General (William F. McNulty and William F. Larkin of counsel), for appellant.*

*Lavery, Lauterbach & Babchak (Hugh A. Lavery, William J. Daly and John E. Babchak, Jr., of counsel), for respondent.*

*Per Curiam.* Claimant's intestate, Dominick De Milio, was killed in a cave-in while digging a ditch for the laying of pipe in connection with the construction of the administration building and police barracks on property under the jurisdiction of the Thruway Authority near Tarrytown. At the time of the fatal accident he was employed by a general contractor hired by the Authority. The claimant alleged that the employee's death was caused by the negligence of the Thruway Authority premised upon a violation of section 241 of the Labor Law and the rules adopted thereunder and in failing to have a safety inspector permanently located on the premises. There is no question on this appeal but that the trench existed in violation of subdivision 6 of section 241 of the Labor Law.

The court found that the New York State Thruway was the owner of the property, that its negligence was established and

that the decedent was not guilty of contributory negligence. We would affirm these facets of the decision.

There is, however, a procedural aspect of this case which requires a reversal and remittance. The claim alleged that the claimant was the widow of the decedent who, together with her three children, was entitled to pecuniary damages as the result of the death of her husband. In support thereof at the trial proof was offered for the intended purpose of establishing a common-law, nonceremonial marriage in the State of Ohio in June, 1949.

The testimony was sufficient to establish such a marriage under the laws of Ohio.

In *Umbenhower* v. *Labus* (85 Ohio 238) with reference to common-law marriages, the court said (p. 248): " ' [A] marriage in fact may be established by showing that they lived together and cohabited as husband and wife for a series of years, that they always recognized and treated each other as such, and that they were so treated and reputed in the community   *   *   * in which they moved ' ''.

Such a marriage entered into in that State is recognized in this State and the evidence here was sufficient to establish a prima facie marriage.

At the conclusion of the claimant's case, the defendant moved to dismiss the claim based in part on the failure to prove a recognizable marriage under the laws of the State of New York. The court reserved, the defendant offered no proof on this issue, but renewed the motion previously made at the close of all the testimony. The marriage question was again discussed, the court reserved on the various motions and both parties were given 30 days to submit briefs. Within the said period, the defendant moved to reopen the trial and introduce further evidence relating to the marital status of the claimant and the decedent, and as part of the moving papers there was attached a marriage license issued in the State of South Carolina to the decedent and one Philomena Mary Anfiteatro and her affidavit which stated she was married to the decedent and never legally divorced. The court thereafter in a memorandum decision and order stated that the moving papers were sufficient to call for an inquiry and stay all proceedings for 30 days to give the State Thruway Authority or any interested party time to make appropriate application to the Surrogate's Court of Westchester County. It is manifest that this procedure neither granted nor denied the motion made by the State. In support of such procedural practice the court cited *Stolz* v. *New York Cent. R. R.*

*Co.* (7 N Y 2d 269). A subsequent decree of the Westchester County Surrogate, based upon an affidavit of Kenneth C. Cole, Public Administrator of that county, adjudicated that the claimant and her three children were the sole distributees of the decedent. The said decree recited that the decedent's former wife, Philomena, had testified in the said proceedings. Upon the basis of the testimony in the record as to the common-law marriage in Ohio, together with the decree of the Westchester County Surrogate, the Court of Claims awarded damages to the claimant.

The appellant correctly argues on this appeal that the *Stolz* case did not mandate such an order since it only dealt with the question of whether or not the administratrix in that case had been properly appointed by the Surrogate. In that case it was determined at the conclusion of all of the testimony that the plaintiff was not the decedent's lawful widow as the marriage was void and accordingly the trial court revoked the letters issued by the Surrogate. The marital status of the parties when one is deceased is a question over which the Supreme Court and Surrogate's Court have concurrent jurisdiction. The appointment and revocation of letters in the decedent's estate is exclusively the exercise of a discriminating discretion by the Surrogate and over which the Supreme Court has no jurisdiction.

While the defendant neither took objection nor made an exception to the ruling of the court, it is academic that the issues raised in the pleadings should be tried in that forum which had jurisdiction of the proceedings and here the record fails to disclose any valid reason for the transfer of an issue already partly tried in one court to another forum. The defendant was entitled in the Court of Claims to present proof to rebut the evidence offered by the claimant as to her marital status and the failure to grant the motion to reopen and take such proof was an improper exercise of discretion and an error of law which requires reversal.

The judgment and orders should be reversed and the matter remitted, with costs to abide the event.

BERGAN, P. J., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment and orders reversed and matter remitted, with costs to abide the event.