BRUCE J. PAGE, SR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59817.)

VINCENT LA BUZZETTA, JR., et al., Claimants, v STATE OF NEW YORK, Respondent. (Claim No. 61183.)

Third Department, April 10, 1980

## APPEARANCES OF COUNSEL

*Jacobs & Jacobs (Patrick J. Cannon* of counsel), for appellant.

*Robert Abrams, Attorney-General (Vernon Stuart* and *Shirley Adelson Siegel* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

The claimant sustained personal injuries on June 11, 1975 while engaged in installing a sanitary sewer system at the Gilbert Lake State Park in Otsego County. The work was

being performed pursuant to a contract between the State of New York, as owner of the site, and the S & D Construction Co., as general contractor.

The record establishes prima facie that there was a failure to comply with the requirements of subdivision 6 of section 241 of the Labor Law (all statutory references hereinafter are to the Labor Law), which provides, in pertinent part, as follows:

"All contractors and owners and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *

"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein".

The State upon this appeal concedes that as a result of the amendment of section 241 by section 3 of chapter 1108 of the Laws of 1969 there is an absolute duty on the part of an owner of real property to comply with the provisions of section 241 (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300; see, also, *Struble v John Arborio, Inc.,* 74 AD2d 55).

However, the State contends that in this particular case no such duty exists on its part because section 241 requires that the excavating be in connection with either the construction or demolition of a building and in this case there is no showing of any such reason for the excavation which caused the injury. The claimant moved upon this appeal to admit the contract document into evidence and the State now withdraws its objection to our receipt of such document. The receipt of the document is not in any way prejudicial to the State, and since the applicability of section 241 is dependent upon the contractual relationship of the parties, we deem it appropriate to accept the document as part of the record.

However, we reject the conclusion of the Court of Claims that the Court of Appeals in the case of *Allen v Cloutier Constr. Corp. (supra)* impliedly overruled the holding of the Fourth Department in the case of *Tilkins v City of Niagara Falls* (52 AD2d 306) that subdivision 6 of section 241 is *not* limited to building construction or demolition. As Mr. Justice SIMONS wrote for the court in *Tilkins (supra,* pp 309-310):

"The language and form of the statute would seem clear evidence of its limitation to building sites and counsel for the city relies upon the legislative memorandum which supports that interpretation. Paradoxically, the history of the section suggests otherwise.

"First of all, the 1962 amendment to section 241 was not restricted to excavation in connection with a building, but applied to '*all* areas, buidlings, or structures' (emphasis added). This language of the former statute was apparently transferred *in toto* into subdivision 6 of the present section which refers to 'all areas' in which excavation work is being performed and a note to chapter 1108 of the Laws of 1969 is evidence of the legislative intent to preserve the scope of the original 1962 statute. Furthermore, if the provisions of subdivisions 6 are limited to building sites, the language is at odds with the remaining subdivisions of the statute, i.e., subdivision 8 of section 241 also refers to 'all areas, buildings or structures' in reference to safety precautions for passersby, and, if subdivision 6 of section 241 is restricted to excavations in conjunciton with buildings, subdivision 7 of section 241 becomes redundant, since that subdivision authorizes the enactment of 'rules to provide for the protection of workmen in connection with the excavation work *for the construction of buildings, the work of constructing or demolishing buildings and structures*'. Finally, nothing in the legislative memorandum accompanying the 1969 amendment to section 241 reveals any intention by the drafters to restrict its application to work in connection with buildings (see NY Legis Ann, 1969, p 407; also reproduced in *Rocha v State of New York,* 77 Misc 2d 290, 296-297). Despite the apparently unambiguous language of the first paragraph, it is manifest that the Legislature did not intend the statute to be so limited and the trial court properly determined that subdivision 6 of section 241 applied in this action." (Footnote omitted.)

The State in its brief notes that the dispositive issue in this case as to liability is whether or not subdivision 6 of section 241 is limited to building construction or demolition, and since it is not so limited, the order must be reversed and the motion of the claimant for summary judgment granted.

The order should be reversed, on the law, with costs; the motion for summary judgment that the State is liable should be granted and the matter remitted to the Court of Claims for assessment of damages.

MAHONEY, P. J. (concurring). While I concur with the majority's decision holding that subdivision 6 of section 241 of the Labor Law is not limited solely to building construction, I do so, however, upon the ground that the language of section 241 of the Labor Law is ambiguous since it is unclear whether the verb "constructing" is supposed to modify the noun "buildings". In view of this ambiguity, a search for legislative intent is proper and discloses no intention by the Legislature to restrict the application of section 241 to work in connection with buildings.

GREENBLOTT, MAIN and MIKOLL, JJ., concur with HERLIHY, J.; MAHONEY, P. J., concurs in a separate opinion.

Order reversed, on the law, with costs; motion for summary judgment that the State is liable granted and matter remitted to the Court of Claims for assessment of damages.