Bruce J. Page, Sr., et al., Appellants, v Vincent La Buzzetta, Jr., Defendant and Third-Party Plaintiff-Respondent; Anthony Fonseca et al., Doing Business as S & D Construction Company, Third-Party Defendants-Respondents.

Third Department, April 10, 1980

## APPEARANCES OF COUNSEL

*Jacobs & Jacobs (Patrick J. Cannon* and *Michael A. Jacobs* of counsel), for appellants.

*Livingston S. Latham* for third-party plaintiff-respondent.

*Coughlin & Gerhart (Peter H. Bouman* of counsel), for third-party defendants-respondents.

### OPINION OF THE COURT

HERLIHY, J.

This action involves the same basic facts as those in *Page v State of New York* (73 AD2d 479). The liability imposed by subdivision 6 of section 241 of the Labor Law is absolute insofar as owners, contractors and their agents are concerned *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300; *Page v State of New York, supra).*

The defendant La Buzzetta contends that he is not within the class of persons upon whom liability is imposed because of his status as an independent contractor employed by the employer of plaintiff Bruce John Page, Sr. However, that argument is insufficient to raise any issue affecting the issue of liability since La Buzzetta was an agent of the contractor for the purpose of carrying out the contract within the meaning of the statute. While the purpose of the 1969 amendment to section 241 of the Labor Law (L 1969, ch 1108) was to make the liability of an owner or general contractor nondelegable *(Allen v Cloutier Constr. Corp., supra),* liability arises out of the duties referred to in said section 241 and simply may not be escaped by delegation. The duties themselves remain delegable, and the undifferentiated reference to "All contractors * * * and their agents" necessarily includes subcontractors in the class of those having nondelegable liability. (See *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 7.) Accordingly, La Buzzetta is subject to nondelegable liability for a breach of section 241 of the Labor Law, and upon the present record, the existence of such a breach is established. (See, also, *Page v State of New York, supra.)*

The present record conclusively establishes liability on the part of La Buzzetta, and plaintiffs should have been granted summary judgment establishing the liability of La Buzzetta.

The order should be modified, on the law, by striking so much thereof as denied plaintiffs' motion for summary judgment and granted defendant's motion for summary judgment on the issue of defendant's liability under section 241 of the Labor Law and by inserting a provision granting the motion of plaintiffs for summary judgment on the issue of defendant's liability under section 241 of the Labor Law, and matter remitted for assessment of damages and determination of

defendant's third-party claim, and, as so modified, affirmed, with costs to plaintiffs against defendant.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Order modified, on the law, by striking so much thereof as denied plaintiffs' motion for summary judgment and granted defendant's motion for summary judgment on the issue of defendant's liability under section 241 of the Labor Law and by inserting a provision granting the motion of the plaintiffs for summary judgment on the issue of defendant's liability under section 241 of the Labor Law, and matter remitted for assessment of damages and determination of defendant's third-party claim, and, as so modified, affirmed, with costs to plaintiffs against defendant.