LENARD L. STRUBLE et al., Appellants, v JOHN ARBORIO, INC., Respondent and Third-Party Plaintiff-Appellant; BRUNALLI CONSTRUCTION COMPANY, Third-Party Defendant-Respondent.

Third Department, April 10, 1980

## APPEARANCES OF COUNSEL

*William H. Johnson, Jr. (Philip C. Johnson* of counsel), for appellants.

*Hinman, Howard & Kattell (James L. Chivers* of counsel), for respondent and third-party plaintiff-appellant.

*Smyk & Smyk (Stephen D. Smyk* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

HERLIHY, J.

The plaintiff Lenard Struble was injured when a catwalk upon which he was standing while engaged in the dismantling of a piece of machinery (a crane) collapsed, propelling him to the ground. The crane was located at a site of highway construction (a bridge) and used in such construction.

Among other things, the plaintiffs urged that respondent John Arborio, Inc. (Arborio) was absolutely liable as a general contractor pursuant to subdivision 1 of section 240 of the Labor Law (all statutory references hereinafter are to the Labor Law unless otherwise specified) for any failure to furnish a safe place to work. At the conclusion of the plaintiffs' evidence, Arborio moved for a dismissal of the complaint. Arborio contended that subdivision 1 of section 240 did not apply because the crane itself and the bridge were not structures to which section 240 would apply. Arborio further contended that even if it were subject to absolute liability pursuant to section 240, the plaintiffs had failed to establish that the catwalk was either a scaffold or a device used in the construction and to that extent there was failure of proof.

Subdivision 1 of section 240, as amended by chapter 1108 of the Laws of 1969, provides as follows: "1. *All contractors and owners and their agents,* in erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes,

and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." (Emphasis added.)

Trial Term granted the motion to dismiss without specifying upon what ground it was so deciding. Accordingly, if there is any cause of action proven upon the plaintiffs' case, the judgment must be reversed.

It is now established that pursuant to subdivision 1 of section 240 general contractors and owners as well as their agents are severally liable for any failure to comply with the directives of the statute (Haimes v New York Tel. Co., 46 NY2d 132). The duty is nondelegable and Arborio now concedes such responsibility.

Arborio contends that the particular catwalk could not be a scaffold within the meaning of section 240; however, "[w]hat constitutes a scaffold depends upon the facts and circumstances of each particular case" (Rocha v State of New York, 45 AD2d 633, 635, mot for lv to app den 36 NY2d 642). Arborio has not demonstrated that the catwalk is not a scaffold or "other device" within the meaning of section 240. That the particular work was being performed at a distance from the site of immediate construction is of no consequence, as it is certain that the work was necessitated by virtue of the machine having been used in the construction and was incidental to its movement from the construction area (see Ploof v B. I. M. Truck Serv., 53 AD2d 750).

The further contention of Arborio that there was a failure to prove that it did not provide proper protection overlooks the fact that its liability proceeds not just from its actions but also from the actions of its subcontractors. The issue of negligent supervision and/or inadequate scaffolding or other device necessary for the safe performance of the employment was factual and for the jury in this case.

The record also demonstrates that the plaintiffs had established a basis for liability for a failure to comply with the requirements of subdivision 6 of section 241. Contrary to the contention of Arborio, there was no need to establish that the employment involved the construction of a building (see Page v State of New York, — AD2d — [decided herewith]).

Inasmuch as the primary action is being reinstated, the judgment dismissing the third-party complaint seeking indemnification must also be reversed. The record demonstrates issues of fact as to the contractual liability of the third-party

defendant for an "act of omission" and the noncontractual issues of indemnification are yet to be determined (see *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1).

The judgment entered October 23, 1978 should be reversed, on the law and the facts, with costs to plaintiffs against defendant, the complaint reinstated and a new trial ordered; the judgment entered January 5, 1979 should be reversed, on the law, without costs, and the third-party complaint reinstated.

GREENBLOTT, J. P., SWEENEY, MAIN and MIKOLL, JJ., concur.

Judgment entered October 23, 1978 reversed, on the law and the facts, with costs to plaintiffs against defendant, complaint reinstated and a new trial ordered; judgment entered January 5, 1979 reversed, on the law, without costs, and third-party complaint reinstated.