## (December 29, 1980)

■ DONALD APRIL, Plaintiff, v SOVEREIGN CONSTRUCTION CO., LTD., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. WACHTEL, DUKAUER AND FEIN, INC., a Division of WARNER COMMUNICATIONS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, defendants third-party plaintiffs Sovereign Construction Co., Ltd., and North Townhouse Phase III Houses, Inc., appeal from so much of a judgment of the Supreme Court, Kings County, dated September 6, 1979, as provided that the third-party defendant, Wachtel, Dukauer and Fein, Inc., shall "have judgment against" them. Judgment reversed insofar as appealed from, on the law, with costs, and it is determined that the third-party defendant is obligated to indemnify the third-party plaintiffs for the amount of plaintiff's settled claim. Plaintiff, Donald April, a journeyman plumber and employee of the third-party defendant, Wachtel, Dukauer and Fein, Inc. (Wachtel), was injured when he fell into a hole or "sleeve" apparently left uncovered on the construction site where he was working. Plaintiff commenced this action against Sovereign Construction Co. Ltd., the general contractor, North Townhouse Phase III Houses, Inc., the owner (jointly referred to as Sovereign, as their interests here are identical) and another to recover damages for his injuries. Sovereign then impleaded Wachtel based, *inter alia,* on an indemnity clause in the subcontract which they entered into whereby Wachtel was to provide plumbing for the project. In part, the indemnity clause provide that Wachtel, the subcontractor, would assume responsibility and liability for any and all injuries to any person, including the subcontractor's employees, for any damages "caused by or resulting from or arising out of any act or omission in connection with this subcontract *or the prosecution or work hereunder"* (emphasis added). Under the subcontract, Wachtel was not only responsible for plumbing installations, but was also charged with furnishing materials therefor and unloading and distributing them. It is undisputed that plaintiff was injured while distributing or moving plumbing materials. Prior to trial, plaintiff settled his claim for $135,000 and the case proceeded between Sovereign and Wachtel on the issue of liability. At the close of all the evidence, the court requested a special verdict from the jury on two questions relating to negligence. Question No. 1 was: "Did plaintiff fall into a hole left in the concrete for Wachtel's work?" The second was: "Was Wachtel negligent in causing the accident as I have defined negligence?" The court instructed the jury that if it answered the first question in the negative that it was to stop there. It

was only to proceed to Question No. 2 if it found that the hole had, in fact, been left for Wachtel's work. Pursuant to an agreement between Sovereign and Wachtel, the Trial Justice was to determine whether the indemnity clause referred to above would apply. The jury returned a negative verdict as to the first question, having found that the hole had not been left for Wachtel's work, and hence never decided the question of negligence. Based on this finding and a decision in the case of *Barthmare v City of Long Beach* (NYLJ, July 9, 1974, p 13, col 4, affd 49 AD2d 898 on opn of Mr. Justice Niehoff at Trial Term), the court held that the cause of action for contractual indemnity must be dismissed. This was error. *Barthmare (supra)* was factually quite similar to the case at bar. It centered on a similar accident and a similar contractual indemnity clause. It is distinguishable from the case at bar, however, in that in *Barthmare,* the subcontractor was no longer involved in the project with respect to the location of the accident and, in fact, had fulfilled its duties under the subcontract. In contrast, Wachtel was still performing its obligations when the accident occurred. This distinction perforce leads us to a contrary result in this case. As Mr. Justice Niehoff stated *(supra,* col 7) : "In other words, if at the time of Mr. Barthmare's fall, S & S [the subcontractor] had fulfilled its duties under the subcontract with respect to the first floor deck through which he fell, there would be no duty on S & S's part to indemnify Layne [the general contractor] for the injuries sustained thereafter by reason of Layne's negligence. *On the other hand, if S & S had not completed its work on the deck and was obligated under the subcontract to continue working on the deck then Layne would be indemnified even for its own active negligence under the broad language of this first clause"* (emphasis added). In the instant case, the subcontractor was obligated to continue its work on the project. Plaintiff, an employee of the subcontractor, was injured in the prosecution of the work under the subcontract. The indemnity clause, therefore, was activated and Sovereign is entitled to recover. Accordingly, the judgment must be reversed insofar as appealed from, and Sovereign awarded judgment as against Wachtel on the indemnity clause. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.