GEORGE RUSSIN et al., Appellants, v LOUIS N. PICCIANO & SON et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. VILLAGE OF ENDICOTT et al., Third-Party Defendants-Respondents.

Third Department, February 5, 1981

### APPEARANCES OF COUNSEL

*Smyk & Smyk (Stephen D. Smyk* of counsel), for George Russin and another, appellants.

*Kramer, Wales & McAvoy (Robert H. Wedlake* of counsel), for Louis N. Picciano & Son, defendant and third-party plaintiff-respondent-appellant.

*Chernin & Gold (Martin J. Kane* of counsel), for Matco Electric Co., Inc., defendant and third-party plaintiff-respondent-appellant.

*Hinman, Howard & Kattell (Edward B. Flink* of counsel), for Stellmack Air Conditioning and Refrigeration Corp., defendant and third-party plaintiff-respondent-appellant.

*Davoli & McMahon, P. C. (Patrick J. Leary* of counsel), for Village of Endicott, third-party defendant-respondent.

*Levene, Gouldin & Thompson (Robert H. Reeder* of counsel), for A. J. Cerasaro, Inc., third-party defendant-respondent.

#### OPINION OF THE COURT

KANE, J.

Plaintiff George Russin was seriously injured in the course of his employment while descending from a scaffold he was dismantling at the direction of his employer, A. J. Cerasaro, Inc., the general contractor of the project. He attempted to use a ladder leaning against the scaffold to negotiate the last few feet of his descent, but it turned, causing him to fall to the ground. The ladder was the property of Louis N. Picciano & Son, one of the three defendants who were prime contractors on the job. Each had obtained its contract by bid, pursuant to the provisions of section 101 of the General Municipal Law, from the Village of Endicott, New York, the owner of the premises.

In this action, plaintiffs seek recovery under the provisions of sections 200, 240 and 241 of the Labor Law. The transcripts of the examinations before trial, the moving papers, and the provisions of the contract, serve to demonstrate that the general contractor was in full control of plaintiff and the area in which he was working. As prime contractors, the defendants had no contractual arrangement with the general contractor and were not in a position to control any of the activity which produced the injury. Accordingly, they could not be held liable to plaintiffs for failure to provide a safe place to work under section 200 of the Labor Law (see *Hamill v Foster-Lipkins Corp.*, 41 AD2d 361).

Nor can there be any liability under the provisions of sections 240 or 241 of the Labor Law. The 1969 amendments to these sections (L 1969, ch 1108, §§ 1, 3) were

designed to place "ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor" (NY Legis Ann, 1969, p 407). These sections now make the liability of an owner or general contractor nondelegable *(Haimes v New York Tel. Co.,* 46 NY2d 132; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290). While the liability arising out of the duties created by these sections may not be escaped by delegation, the duties themselves remain delegable *(Page v La Buzzetta,* 73 AD2d 483). Where the work which gives rise to such duties has been delegated to a third party, that third party then becomes an "agent" of either the owner or general contractor and falls within the class of those having nondelegable liability *(Page v La Buzzetta, supra;* see Labor Law, § 240, subd 1; § 241).

In the instant case, the two parties with nondelegable liability, i.e., the general contractor and the owner, were not sued by plaintiffs. The three prime contractors who were sued were never delegated the work giving rise to the duties referred to in sections 240 and 241. Accordingly, we agree with Special Term's resolution of defendants' summary judgment motions and its dismissal of their third-party complaints was proper.

The orders and judgments should be affirmed, without costs.

HERLIHY, J. (dissenting). Use of the terminology "general" contractor and "prime" contractor in the present case serves only as a fulcrum from which to rationalize a distinction that can emasculate the protection afforded workmen by the 1969 amendments to section 240 and 241 of the Labor Law. (See *Allen v Cloutier Constr. Corp.,* 44 NY2d 290.)

In this particular case, the so-called general construction contract did not include all phases of the owner's project and, therefore, was not the customary general contract whereby an owner delegates the construction (or demolition) duties to a single entity or person. Instead, the owner chose to parcel out portions of the project to several contractors. The method of doing business does not change the liability or responsibility.

It is undeniable that the owner was engaged in a project creating nondelegable liability. *(Allen v Cloutier Constr. Corp., supra; Struble v John Arborio, Inc.,* 74 AD2d 55; *Page v State of New York,* 73 AD2d 479.) It is not disputed that the defendants were employed as contractors to carry out the owner's project. The fact that they were independent or "prime" contractors is immaterial since they are expressly in the class who become agents of the owner and are subjected to nondelegable liability *(Page v La Buzzetta,* 73 AD2d 483).

Acceptance of the theory that because of the parcelling out of the project or undertaking in small independent contracts, the independent contractor does not thereby assume liability as to his acts of participation pursuant to sections 240 and 241 of the Labor Law weakens the protection of workmen in those very situations where the Legislature sought to enhance protection by extending liability for injuries not only to owners and contractors but also to their agents.

If there were any question as to sections 240 and 241 of the Labor Law containing any requirement that the contractors have control of the area where the accident occurs, the specific exemption in both subdivision 1 of section 240 and section 241 of certain homeowners from compliance if they "do not direct or control the work" negates any requirement of control or supervision for all others. (Cf. *Haimes v New York Tel. Co.,* 46 NY2d 132, 136.)

Finally, the fact that an owner and/or general contractor might be held responsible by an injured workman in damages is immaterial and irrelevant to this case. The statutes unambiguously impose liability on "[*a*]*ll* contractors and owners *and their agents*" (Labor Law, § 240, subd 1; § 241 [emphasis added]; *Page v La Buzzetta, supra; Long v Forest-Fehlhaber,* 74 AD2d 167). The imposition of absolute liability on contractors and agents other than the general contractor or the owner is consistent with the current policy of imposing liability on the responsible tortfeasor. (See *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 7.)

Notably, before the 1969 amendments, subdivision 1 of section 240 of the Labor Law was applicable only to "[a] person employing" and section 241 did *not* refer to "agents". The majority's limited construction as to those persons subject to nondelegable liability herein would render the word "agents" mere surplusage.

As to the third-party defendants, the record reveals that there are issues of fact as to liability. (See *Struble v John Arborio, Inc.*, 74 AD2d 55, 57-58, *supra.*)

The orders and judgments should be reversed and defendants' motions denied.

MAHONEY, P. J., SWEENEY and CASEY, JJ., concur with KANE, J.; HERLIHY, J., dissents and votes to reverse in an opinion.

Orders and judgments affirmed, without costs.