opinion of the court
Sidney Leviss, J.
This is a motion by the defendants Flushing Hospital & Medical Center and G. C. Castagna & Sons, Inc., made during the course of trial, for the court to charge comparative negligence with respect to the statutory causes of action brought herein pursuant to subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law of the State of New York.
On May 8, 1978, at approximately 11:30 a.m. plaintiff Richard Duva was an electrician employed by Burmar *901 Electrical Corp., a subcontractor doing the electrical work in connection with the construction of the 1976 building of Flushing Hospital and Medical Center. G. C. Castagna & Sons, Inc., was the general contractor, Circle Industries Corporation was a subcontractor installing plasterboard and Interstate Window Cleaning Company, Inc., was a subcontractor responsible for cleaning of the building.
Plaintiff claims that when he reported to work at approximately 8:00 a.m. on the above date, the temporary lights over the stairwell were out and his subforeman instructed him and other co-workers to proceed up the stairs with a flashlight held by one of the men other than himself. That he noticed debris on the stairs. That at approximately 11:30 a.m. he left the place where he was working in a corridor that had lights, to go downstairs without a flashlight to where wire was stored to procure some additional wire that he needed. That the stairwell was still without lights and that as he proceeded down the stairs it got darker and he slipped on some debris and was injured.
Plaintiff sues the owner and general contractor, charging violation of subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law of the State of New York. The general contractor brought third-party actions against the subcontractors.
The question to be determined by the court is whether comparative negligence should be charged against the plaintiff in a section 200 (subd 1) and section 241 (subd 6) Labor Law case.
With respect to subdivision 1 of section 200 of the Labor Law, the courts have consistently held that contributory negligence of the plaintiff was a defense. Since this section is a restatement of the common law (Gasper v Ford Motor Co., 13 NY2d 104; Chaney v New York City Tr. Auth., 12 AD2d 61, affd 10 NY2d 871) comparative negligence is applicable to subdivision 1 of section 200 of the Labor Law.
CPLR 1411 provides as follows: “In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or *902 assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.”
With respect to subdivision 6 of section 241 of the Labor Law, prior to Allen v Cloutier Constr. Corp. (44 NY2d 290, decided May 2, 1978) the courts consistently held that contributory negligence was a defense barring plaintiff from recovery, i.e., a violation of subdivision 6 or 7 did not bar the assertions of the defense of contributory negligence of the plaintiff. (Conte v Large Scale Dev. Corp., 10 NY2d 20; De Milio v New York State Thruway Auth., 15 AD2d 27; Utica Mut. Ins. Co. v Mancini & Sons, 9 AD2d 116.)
The Court of Appeals in the Allen case ruled that the 1969 amendment to subdivisions 1 through 6 of section 241 of the Labor Law imposed on owners and contractors the nondelegable duty to insure that areas in which construction, excavation or demolition work is being performed shall be so constructed, shored and conducted as to provide reasonable and adequate protection and safety to the persons employed therein. The issue before the Court of Appeals was whether the defendants therein owed the injured worker a duty irrespective of their lack of supervision and control of the work site. The difficulty arose when the court further stated, what this court believes to be obiter dicta, as the exact nature and scope of the duty itself was not an issue before the court: “Thus, the conclusion is inescapable that the change effected by the 1969 legislation was a substantial one, for it fashions absolute liability upon an owner or contractor for a breach of the duties imposed by subdivisions 1 through 6 of section 241 irrespective of their control or supervision of the construction site”. (Allen v Cloutier Constr. Corp., supra, p 300.) The Court of Appeals statement with respect to “absolute liability” was entirely unnecessary to the issue before the court. Further compounding the difficulty, the Appellate Division, Third Department, in Page v State of New York (73 AD2d 479, decided April 10,1980), interpreting the obiter dicta in the Allen case as law, held that subdivision 6 of section 241 of the Labor Law imposes an absolute duty.
*903 Elaborating further, the Appellate Division, Third Department, in Long v Forest-Fehlhaber (74 AD2d 167, 170, decided May 8, 1980), referring to subdivision 6 of section 241 of the Labor Law stated: “If that was said by way of dictum, then the dictum is judicial in nature and not merely obiter, and meant, in our opinion, to express the legislative intent of the amendment, i.e., that the statute as amended imposed absolute liability ”
The Appellate Division, Second Department, however, has held contra. In Monroe v City of New York (67 AD2d 89, 103, decided March 19, 1979), Presiding Justice Damiani, speaking for a unanimous court, in an exhaustive opinion, thoroughly discussed the history of section 241 of the Labor Law and distinguished between nondelegable duties, reasonable care and absolute liability, stating that “[t]he problem encountered in applying the Court of Appeals statement that subdivision 6 of section 241 of the Labor Law imposes a ‘nondelegable duty’, the breach of which results in ‘absolute liability’, arises from several sources”. Summarizing, the opinion goes on to state, first and foremost, the subdivision imposes the duty of reasonable care, whereas questions of absolute liability are determined without reference to such a standard. Second, the fact that the Legislature intended the duty imposed by subdivision 6 of section 241 of the Labor Law to be nondelegable does not lead inevitably to the conclusion that that duty results in absolute liability. There is more than one type of nondelegable duty. When speaking of “nondelegable duty” leading authorities use the term to denote a rule resulting in the imposition of vicarious law upon an owner for the negligence of his general contractor or of subcontractors. In such cases it is for the jury to determine whether the negligent breach of duty by the general contractor or subcontractor caused the plaintiff’s injury and, if that duty were nondelegable, then the law will require the owner to vicariously respond in damages without regard to his own fault. In the case of absolute liability, however, the defendant owner must respond in damages whenever injury occurs during the course of a specific hazardous activity if special precautions mandated by the statutes have not been taken. If the required special precautions were not observed, the person *904 charged with the duty will be held absolutely liable without regard to whether the failure to do so was caused by the fault or negligence of any person.
The duty involved in cases of “vicarious liability” is one of reasonable care, and in cases of “absolute liability” it is the obligation to undertake the required special precautions. Thus there is a demonstrable difference in the nature of the duty imposed under the respective theories. However, the parties required to respond to a breach of this duty, e.g., owners, general contractors and subcontractors, are usually the same. Hence it is sometimes said that the obligation to undertake the special precautions required in cases of “absolute liability” may not be delegated to others — that is, it too is often called “nondelegable”. This, however, refers to the party who is charged with the duty and not to the nature of the duty itself.
The 1969 amendment merely shifted the substantive wording of the 1962 statute into the new subdivision 6 of section 241 of the Labor Law. Thus the change was in the “who” and not the “what” of the statute, its apparent intent was to compel owners and general contractors to become more concerned with the safety practices of subcontractors, because they would be exposed to liability without regard to control over the work. This intent is in no way frustrated by holding that the subdivision exposes them to vicarious liability for their subcontractor’s negligence rather than absolute liability.
Third, the terms of subdivision 6 are almost identical to those of subdivision 1 of section 200 of the Labor Law. The language of subdivision 1 of section 200 has been held to be declarative of the common-law obligation to provide a safe place to work in that it imposes a duty of reasonable care. It would be illogical and unreasonable to construe subdivision 6 of section 241 of the Labor Law, which requires that “reasonable and adequate protection and safety” be provided to construction, demolition and excavation workers, to impose an absolute liability, while at the same time construing the almost identical language of section 200 of the Labor Law as merely requiring the exercise of reasonable care.
*905 Fourth, the Legislature had the power to delete the requirement that only reasonable and adequate protection be afforded under subdivision 6 of section 241 of the Labor Law, and to reword the statute so as to require complete protection for any injury arising out of the course of the work. The fact that the Legislature knew how to accomplish this result is manifest from the wording it selected for subdivision 1 of section 240 of the Labor Law which requires that ladders, scaffolds and hoists, etc., “be so constructed, placed and operated so as to give proper protection” to a person employed in their use. That section has been construed as imposing “absolute liability” because it does not require the exercise of reasonable care, but instead imposes a flat and unvarying mandate that workers be protected from all injury arising from the use of such devices. On the other hand the language of subdivision 6 of section 241 of the Labor Law requiring reasonable and adequate protection has been construed as requiring only a duty to provide reasonable care to prevent injury. (Corbett v Brown, 32 AD2d 27.)
Fifth, absolute liability is most often applied only in connection with abnormally dangerous things and activities. This policy has long been reflected in the statutory scheme, whereby owners and contractors involved in the broad variety of tasks encompassed in construction, demolition, and excavation work have been held liable only for negligence. However, workers at specific abnormally hazardous tasks within these trades have enjoyed the protection of absolute liability, e.g., users of ladders, scaffolds and hoists, etc. (Labor Law, § 240), workers on structural steel, etc. A holding that the present subdivision 6 of section 241 of the Labor Law imposes absolute liability would ignore the effect that a substantial part of the work involved in the construction, demolition and excavation industries is not abnormally dangerous and that whatever dangers are normally involved in such work can be avoided by the exercise of reasonable care.
The court, therefore, construed subdivision 6 of section 241 of the Labor Law to impose a nondelegable duty upon owners and contractors to vicariously respond in damages for injuries sustained due to the negligence of general *906 contractors or subcontractors in failing to conduct their construction, demolition or excavation operations so as to provide for the reasonable and adequate protection of the persons employed therein. Such a construction has the salutary effect of preserving the issue of the breach of the statute for resolution by a jury.
Following this decision the Appellate Division, Second Department, in Lagzdins v United Welfare Fund-Security Div. Marriott Corp. (77 AD2d 585, decided July 14, 1980), had three separate causes of action before it. One on subdivision 1 of section 200 of the Labor Law, the second on section 240 of the Labor Law, and the third on subdivision 6 of section 241 of the Labor Law. The court held that inasmuch as the accident occurred prior to September 1, 1975, contributory negligence is not a bar to recovery under section 240, however, contributory negligence of the plaintiff is an issue with respect to subdivision 1 of section 200 and subdivision 6 of section 241.
Absent unusual circumstances, this court is constrained to follow the decisions of its Appellate Division, Second Department. In this instance the court is in full agreement with the decisions of the Appellate Division, Second Department, and finds that contributory negligence is applicable not only to subdivision 1 of section 200 of the Labor Law but to subdivision 6 of section 241 of the Labor Law as well. Therefore comparative negligence must be charged in a case involving subdivision 1 of section 200 or subdivision 6 of section 241 of the Labor Law of the State of New York.