■ RITA M. LA FRANCE, as Administratrix of the Estate of ANDREW A. LA FRANCE, Deceased, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered September 30, 1981 in Franklin County which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment against defendant on the issue of liability. In our view, the parties' papers submitted on their motions for summary judgment establish as a matter of law that decedent's death was not the result of any breach by defendant of subdivision 1 of section 240 of the Labor Law. The duty imposed by that statute is relatively narrow, requiring that certain devices, such as scaffolding, hoists, ladders, slings, blocks and ropes, be constructed, placed ⸱and operated so as to give proper protection to those employed in construction or demolition work. The liability imposed upon an owner for breach of this nondelegable duty is absolute (*Haimes v New York Tel. Co.,* 46 NY2d 132). Here, the record establishes that decedent's death did not result from any defect in the equipment. Rather, the gist of plaintiff's claim under subdivision 1 of section 240 is that defendant failed to supply devices, such as blocks or slings, necessary to give proper protection. Decedent's death occurred while he and two fellow employees were dismantling the boom of a crane in preparation for inserting an additional section of boom. Undisputed evidence in the record establishes that the proper procedure entailed moving the crane's boom suspension ropes or pennants from the tip of the boom to the end of the section where the additional section of boom was to be inserted. Decedent and his fellow employees, however, attempted to dismantle the boom while the boom suspension ropes or pennants remained attached to the tip of the boom. As a result, when the second of the two lower pins at the joint was removed, the joint acted as a hinge and the boom collapsed on decedent. Had the correct procedure been used and the boom

suspension ropes or pennants moved to the proper place on the boom, the joint would have been supported and the boom would not have collapsed. Given these undisputed facts, there is no showing of any breach of subdivision 1 of section 240 of the Labor Law, since none of the devices enumerated therein were necessary to provide proper protection. Neither the crane itself nor any of its equipment was defective, and by using the crane's own boom suspension ropes or pennants, which are not devices within the meaning of subdivision 1 of section 240, the job which was being performed when the accident occurred could have been done in a reasonably safe manner. Moreover, since the boom collapsed as a result of the failure to move the boom suspension ropes or pennants to the proper place on the boom, the failure to provide any other support devices would not be a proximate cause of decedent's death. *Struble v John Arborio, Inc.* (74 AD2d 55), relied upon by Special Term, is distinguishable, since the injury there occurred when a catwalk, found to be a device required by subdivision 1 of section 240, failed and fell to the ground. Here, there was no failure of any device required by subdivision 1 of section 240. Defendant is entitled to summary judgment dismissing plaintiff's cause of action based on subdivision 1 of section 240 of the Labor Law. The duty imposed by subdivision 6 of section 241 of the Labor Law, however, is much broader, for it requires that work areas "be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein". Since this duty is nondelegable, owners are responsible for a breach of the requirements of the statute irrespective of their control or supervision of the work site (*Allen v Cloutier Constr. Co.,* 44 NY2d 290, 300). As noted above, the proof in the record conclusively establishes that an improper procedure employed in dismantling the boom of the crane was the cause of decedent's death. Accordingly, the statutory requirement that the work area[*] be so "operated and conducted as to provide reasonable and adequate protection and safety" to the workmen was breached and defendant is liable for that breach. Unlike the liability imposed for a breach of section 240 or the first five subdivisions of section 241 of the Labor Law, the liability imposed by subdivision 6 of section 241 does not preclude the defense of contributory negligence or the assertion of comparative negligence (*Long v Forest-Fehlhaber,* 55 NY2d 154). Since defendant has asserted decedent's comparative negligence and since the record reveals a question of fact concerning the degree of culpability, if any, to be assigned to decedent, summary judgment to either party on plaintiff's cause of action based on subdivision 6 of section 241 should be denied. Order modified, on the law, by reversing so much thereof as granted plaintiff's cross motion for summary judgment on the issue of liability and denied so much of defendant's motion as sought summary judgment dismissing that part of the complaint alleging a cause of action based on subdivision 1 of section 240 of the Labor Law, plaintiff's cross motion denied and defendant's motion granted to the extent of dismissing so much of the complaint as alleges a cause of action based on subdivision 1 of section 240 of the Labor Law, and, as so modified, affirmed, without costs. Casey, Main and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. In our view, subdivision 1 of section 240 of the Labor Law clearly is applicable to the facts of this

---

[*] Defendant's contention that subdivision 6 of section 241 is not applicable since the crane was located approximately one quarter of a mile from the actual construction site when the accident occurred is without merit, for it is conceded that the crane was on defendant's property and that it was being readied for use in connection with demolition or construction (see *Page v State of New York,* 73 AD2d 479; *Tilkins v City of Niagara Falls,* 52 AD2d 306).

case (see *Struble v John Arborio, Inc.,* 74 AD2d 55). This statutory provision was breached by the failure to furnish or cause to be furnished at the time of the accident "hangers, blocks * * * ropes, and other devices which * * * [were] * * * so * * * placed and operated as to give proper protection to a person so employed". Admittedly no "blocks" were furnished at the site, nor were the pennant lines so placed and operated to give the required protection to decedent. No other supporting devices were furnished or properly placed as required by the statute. The failure to do so was a proximate cause of this accident. We note that the master mechanic was in charge of the equipment and instructed decedent in how the 20-foot length would be added to the boom. In *Long v Forest-Fehlhaber* (55 NY2d 154), the Court of Appeals reaffirmed its earlier holding that an absolute nondelegable liability is imposed upon owners for breach of section 240 of the Labor Law. Comparative negligence on the part of plaintiff's decedent is not a defense. The order of Special Term, insofar as it found that defendant is liable for decedent's wrongful death, should be affirmed, and the matter remanded for an assessment of damages. In view of the fact that we would dispose of this matter under the provisions of subdivision 1 of section 240 of the Labor Law, we find it unnecessary to reach any issues pertaining to subdivision 6 of section 241 of that statute.