(February 24, 1987)

■ THOMAS McGURK et al., Respondents, v TURNER CONSTRUCTION Co. et al., Appellants and Third-Party Plaintiffs-Appellants. FORMIGLI CORPORATION, Third-Party Defendant-Appellant-Respondent; CONSTRUCTION AFFILIATES, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered June 9,

1986, which granted plaintiffs' motion for partial summary judgment on the issue of liability against defendants and third-party plaintiffs-appellants Turner Construction Co. and Goldman-Sachs & Co., denied the cross motions of the above-named defendants for partial summary judgment on the issue of liability against third-party defendants Formigli Corporation and Construction Affiliates, Inc., and denied Formigli Corporation's cross motion for partial summary judgment on the issue of liability against Construction Affiliates, Inc., modified, on the law, to grant the cross motion by defendants and third-party plaintiffs-appellants Turner Construction Co. and Goldman-Sachs & Co. for partial summary judgment on the issue of liability against third-party defendant-appellant-respondent Formigli Corporation, to grant the cross motion by Formigli Corporation for partial summary judgment on the issue of liability against third-party defendant-respondent Construction Affiliates, Inc., and otherwise affirmed, without costs.

This is a personal injury action arising from a fall by plaintiff Thomas McGurk from a steel beam at a building construction site. Plaintiff and his wife sued the owner of the premises, Goldman-Sachs & Co. (Goldman) and its general contractor, Turner Construction Co. Goldman and Turner commenced third-party actions against Formigli Corporation and Construction Affiliates, Inc. (CAI). Turner had subcontracted the architectural precast concrete (exterior stonework) to Formigli, and Formigli had in turn sub-sub-contracted erection of the stonework to CAI. Plaintiff was an employee of CAI, and his injury occurred while he was performing work for CAI under the Formigli/CAI sub-sub-contract.

Plaintiffs moved for partial summary judgment against Goldman and Turner on the issue of liability based on section 240 of the Labor Law. Goldman and Turner cross-moved for partial summary judgment against Formigli on the ground that each was entitled to indemnification pursuant to the contract between Turner and Formigli. Formigli cross-moved for partial summary judgment against CAI on the ground that the contract between them entitled it to indemnification. Finally, Goldman cross-moved for partial summary judgment against CAI on the ground that it was entitled to common-law indemnification. Special Term granted plaintiffs' motion for summary judgment, and denied the motions by defendants and third-party defendant Formigli against their respective subcontractors.

We affirm the grant of plaintiffs' motion for summary

judgment on the issue of liability against Goldman and Turner. Plaintiff, Thomas McGurk, while employed as stone derrickman by CAI, was traversing a steel beam to reach the place on that beam where a stone soffit had become improperly wedged, when he slipped and fell a distance of over 26 feet. Labor Law § 240 (1) provides as here pertinent that: "1. All contractors and owners and their agents * * * in the erection * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The motion papers and supporting exhibits establish without contradiction that plaintiff had to traverse the steel beam in order to correct the problem with the soffit, that CAI's vice-president knew that workmen had previously stood on the beam in the course of their duties, and that there was no scaffold beneath the beam on which the soffit was to be placed or any netting, lifeline or other safety device which would have prevented plaintiff's injuries. "[O]nce it is determined that the owner or contractor failed to provide the necessary safety devices required to give a worker 'proper protection', absolute liability is 'unavoidable' under section 240 (1)". *(Bland v Manocherian,* 66 NY2d 452, 459.)

Under the circumstances presented, we reject Turner and Goldman's argument (raised also by Formigli) that there exists a factual issue as to whether plaintiff's walking on the steel beam was an unforeseeable intervening act breaking the chain of causation. *(Cf., Mack v Altmans Stage Light. Co.,* 98 AD2d 468.) As noted above, CAI was aware that workmen used the steel beam in the course of their duties, and CAI was, for purposes of imposing liability upon the owner and contractor under section 240 of the Labor Law, the agent of both the owner and general contractor, in addition to Formigli. Thus, no issue of foreseeability exists as to Goldman, Turner or Formigli, even assuming a lack of supervision, control or direction on their parts of the work being performed by plaintiff. *(Haimes v New York Tel. Co.,* 46 NY2d 132.)

Nor do we credit Turner and Goldman's argument that the steel beam from which plaintiff fell was not a place of work, but merely a passageway to reach a destination where he intended to work. Compare *Ryan v Morse Diesel* (98 AD2d 615), where we held not within the purview of section 240 an injury sustained by a workman when he tripped on a permanently installed but unfinished interior stairway of the hotel

under construction while using it as a passageway from one place of work to another. The steel beam in the instant case was being used in lieu of a scaffold, as part of plaintiff's duties, and that factor alone clearly distinguishes this case from our holding in *Ryan (supra)*. We accordingly affirm Special Term's order insofar as it granted plaintiffs partial summary judgment on the issue of liability against Turner and Goldman.

The next issue concerns Turner and Goldman's appeal from Special Term's denial of their motion for partial summary judgment against Formigli, and Goldman's motion against CAI. Formigli concedes that it is obligated by contract to indemnify Turner, which under the circumstances, including Turner's undisputed obligation to indemnify Goldman, and a clause in the Turner/Formigli contract under which Formigli became obligated to Goldman to the full extent that Turner was obligated to Goldman, requires full indemnification by Formigli to both Turner and Goldman, and renders academic Goldman's claim for common-law indemnification against Formigli. We agreed with Special Term, however, that there exist factual issues precluding Goldman's claim for common-law indemnification against CAI. *(Cf., Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1.)

The sole remaining issue is raised by Special Term's denial of Formigli's motion for partial summary judgment for contractual indemnity against CAI. In paragraph 1 of the Formigli/CAI contract, CAI agreed for the sum of $2,685,000 "to furnish all supervision, labor, equipment and material to perform all work" that it was obligated to complete. Paragraph 7 provided: "In the performance of the work under this contract, subcontractor [CAI] shall conform to all laws, ordinances, rules and regulations now in force or hereafter adopted to which this project is subject".

Paragraph 14 of the Formigli/CAI contract provided: "Indemnity—Subcontractor shall hold and save harmless Formigli Corporation from any damages resulting from any wrongful act or neglect of subcontractor or of any subcontractor or other person employed by such party, and in the event that for such wrongful act or neglect of subcontractor, Formigli Corporation shall sustain damage it shall be reimbursed by subcontractor to the extent of any liability incurred or paid by it."

Clearly, under the aforesaid contractual provisions CAI had the authority to supervise the work being done by plaintiff at the time of the accident, and the obligation to provide the necessary equipment in conformity with all applicable laws.

Labor Law § 240 (1) imposes upon general contractors, owners and their agents the obligation to furnish scaffolding and other devices to be "placed and operated as to give proper protection" to a person employed in the erection of a building. In *Russin v Picciano & Son* (54 NY2d 311, 317-318), the court stated: "Although sections 240 and 241 now make nondelegable the duty of an owner or general contractor to conform to the requirement of those sections *(Haimes v New York Tel. Co.,* 46 NY2d 132; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, *supra),* the duties themselves may in fact be delegated *(Page v La Buzzetta,* 73 AD2d 483). When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor. Only upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241."

As it is undisputed that CAI had the authority to supervise the work being performed by plaintiff at the time of the accident, and that no scaffold, netting or other safety device was in place to give the plaintiff proper protection, CAI's permitting this condition to exist while plaintiff performed his duties was the type of "wrongful act or neglect" which triggered CAI's obligation to indemnify Formigli under paragraph 14 of its contract. *(Kenny v Fuller Co.,* 87 AD2d 183.) Accordingly, Formigli should have been granted partial summary judgment on the issue of liability against CAI on the basis of contractual indemnification. In view of the foregoing, we do not reach Formigli's further claim that it is entitled to common-law indemnification from CAI, a claim we note is raised for the first time on appeal, and so is not reached on that basis also. *(Matter of Schwartz v Cuomo,* 111 AD2d 759.) Concur—Murphy, P. J., Sandler, Carro, Asch and Milonas, JJ.