■ WILLIAM A. PERKINS et al., Appellants, v RANDALL ELECTRIC, INC., Respondent. (Appeal No. 1)—Judgment unanimously reversed on the law and new trial granted with one bill of costs to plaintiffs herein and plaintiffs in *Silver v Randall Elec.* (appeal No. 2). Memorandum: Plaintiffs, employees of Crucible Steel Inc. (Crucible), were seriously injured while probing a 15,000-volt power line. Crucible contracted with defendant Randall Electric, Inc. for the latter to install a new high-voltage electrical system. During the course of the renovation, plaintiffs were told to assist in placing a new feeder cable. Plaintiffs allegedly were told that a line to be checked was dead and not energized. When plaintiffs probed the line, there was an electrical explosion which seriously injured plaintiffs.

Plaintiffs sued Randall alleging gross negligence and a violation of section 241 (6) of the Labor Law—failure to provide a safe workplace. To establish that Randall was a "contractor" within the Labor Law, plaintiffs, without objection, introduced into evidence a copy of the contract between Crucible and Randall. The contract provides that Randall was responsible for phasing-in work, such as was being done at the time of the accident. Randall asserted later, however, that the parties had orally modified their contract to place responsibility for phasing-in work on Crucible, the owner. No documentation of this modification was produced. Nevertheless, the court ruled that Randall was not a contractor within the meaning of the Labor Law, removed the contract from evidence and refused to charge the provisions of the Labor Law. This was error.

A critical issue at trial was whether Randall was a general contractor responsible for providing plaintiffs a safe place to work. The contract was directly relevant to this issue *(see, Page v State of New York,* 73 AD2d 479, 480, *affd* 56 NY2d 604; *Kenny v Fuller Co.,* 87 AD2d 183, 188-189; *cf., Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-418). Whether a modification occurred presented a question of fact for the jury. By withdrawing the contract on the ground that the oral modification occurred and was valid, the court invaded the province of the jury. Accordingly, a new trial is granted. (Appeal from judgment of Supreme Court, Onondaga County, Tait, J.—negligence.) Present—Dillon, P. J., Callahan, Doerr and Green, JJ.