■ PATRICK CATALANO et al., Respondents, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Appellants. WHITING-TURNER CONSTRUCTION Co., Third-Party Plaintiff-Appellant, v MERCURY MASONRY CORP., Third-Party Defendant-Respondent. —Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on or about November 9, 1987, which, *inter alia,* granted the motion of Whiting-Turner Construction Co., the third-party plaintiff in this action, to renew and reargue the previous order of the same court, entered June 25, 1987, and which, upon reargument, *inter alia,* adhered to that portion of the previous order which granted the motion of third-party defendant Mercury Masonry Corporation for summary judgment dismissing Whiting's third-party complaint, is unanimously modified, on the law, to the extent of reinstating the

third-party complaint, and the order, to the extent appealed from, is otherwise affirmed, without costs.

On June 19, 1985, at about 9:00 A.M., Patrick Catalano was injured when he fell through a hole in a roof, while he was working on a commercial construction site. The building was owned by International Business Machines Corporation (IBM), which had contracted with Whiting-Turner Construction Company (Whiting) to perform construction work on the building. Whiting, in turn, contracted with Mercury Masonry Corporation (Mercury) to perform certain masonry work. Plaintiff Catalano was an employee of Mercury.

Plaintiff and his wife subsequently commenced this personal injury action against IBM and Whiting, alleging causes of action for violations of Labor Law § 240, negligence, and, on behalf of Ann Catalano, deprivation of consortium. Whiting, the general contractor, commenced a third-party action against subcontractor Mercury for indemnification. Various motions for summary judgment relief thereafter took place, resulting in an order entered June 25, 1987, which, among other things, granted Mercury's motion for summary judgment dismissing Whiting's third-party complaint. This was followed by a motion for reargument and renewal, resulting in the order appealed from herein. We modify this order only in so much as it denied Whiting's motion to reinstate its third-party complaint against Mercury. It is this issue that we address.

The contract between general contractor Whiting and subcontractor Mercury included an indemnification clause which required that Mercury indemnify and hold both Whiting and IBM harmless from all claims arising out of Mercury's acts or omissions in the performance of the subcontract. The contract also specified that Mercury's masonry duties were to include supervision and cleanup, performance of the work in strict conformity with applicable laws, and the taking of all necessary steps to promote safety and prevent the exposure of employees to any hazards.

At the time of the accident, Mercury was the only subcontractor working at the site of the accident. The facts reveal that Catalano was injured as he stepped onto an unnailed or otherwise unsecured plank which covered a duct opening on the roof. There was further evidence that Mercury employees had been using the duct opening to pass materials to the floor below. This evidence clearly presented a question of fact as to whether or not the accident arose from the acts or omissions

of Mercury's own employees. If so, Mercury can be held liable to Whiting under the indemnification clause. *(See, McGurk v Turner Constr. Co.,* 127 AD2d 526, 529-530; *April v Sovereign Constr. Co.,* 79 AD2d 693, 694, *affd* 55 NY2d 627.)

Accordingly, upon granting reargument of its prior order, the court should have denied Mercury's motion to dismiss the third-party complaint and reinstated that cause of action for indemnification. We so modify the order and otherwise affirm. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.