*681 OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion for summary judgment as to liability. Plaintiffs have brought suit pursuant to section 240 of the Labor Law. Plaintiff, an ironworker, was injured when he stepped from a scaffold onto a section of a "coal conveyor” which adjoined the scaffold upon which he was working.
Plaintiff and a fellow worker had installed a section of a fire wall just prior to the accident. Said installation was accomplished by the plaintiff holding the piece of wall while his fellow worker welded it in place. The installation having been accomplished, the plaintiff was effectively blocked into a "dead-end” section of the scaffolding with no method of egress except via the coal conveyor. There appears to be no dispute over the fact that the plaintiff was "blocked in” once the piece of wall was in place. It is not asserted here that the scaffolding itself was defective.
The issue (which appears to be one of first impression) is whether or not the statute is violated when there is a failure to provide safe egress from an otherwise safe scaffold. The issue is further complicated and narrowed by the fact that the coal conveyor was a permanent rather than temporary structure.
In a recent case the First Department of the Appellate Division held that a permanent steel beam, from which a worker fell, was being used "in lieu of’ scaffolding. Work was being done from the steel beam in this case, and liability was found under section 240. (McGurk v Turner Constr. Co., 127 AD2d 526 [1987].)
In our case the facts are slightly different. Work was not being done from the coal conveyor, however, its use was a foreseeable necessity once the last piece of fire wall was welded in place. The coal conveyor effectively became a horizontal "ladder” between the now separated sections of scaffolding. We note that the steel beam in McGurk (supra) was utilized both as a work platform and as an avenue of access and egress, although the decision focused on its use as a work platform.
This statute has been liberally construed by our courts to accomplish its intended beneficial purpose for workers. (Bohnhoff v Fischer, 210 NY 172; Rocha v State of New York, 45 AD2d 633.)
Implicit in the statutory requirement that scaffolding be *682 provided in a safe manner is safe access between the functional parts of that scaffolding. All scaffolding serves both as a platform for work and as a horizontal route of travel between work areas, or between the work area and vertical access to the ground (or lower levels) (i.e., ladders, or stairs).
In our case it was foreseeable that once the wall was fcompleted, the coal conveyor would be the obvious egress route around the wall to the other section of scaffolding. No special scaffolding was set up on or over this obvious egress route. No other steps were taken to ensure safe transit from scaffold section to scaffold section. Once it is determined that the owner or contractor failed to provide necessary safety devices, liability is unavoidable under this statute. (See, Cartella v Strong Museum, 135 AD2d 1089 [4th Dept 1987]; Bland v Manocherian, 66 NY2d 452.)
It is, therefore, our considered opinion that this motion for summary judgment (as to liability) must be granted.