■ In the Matter of IRVIN A. EDELMAN, Respondent, v. BERNARD A. GOODMAN as Vice-President of EX-LAX, INC., et al., Appellants.— In a proceeding by a director of Ex-Lax, Inc., under article 78 of the former Civil Practice Act, to compel the corporation and Bernard A. Goodman (its vice-president): (a) to submit all of its books and papers for inspection by

petitioner; and (b) to furnish him with all information relating to the corporation and with reports of all conferences with and opinions of counsel, accountants "or others," the corporation and its officer Goodman appeal from an order of the Supreme Court, Kings County, made March 14, 1963 upon the court's opinion, which granted the application in its entirety. Order modified on the law and the facts and in the exercise of discretion, as follows: (1) by adding a provision limiting the duration of the inspection to 10 business days; (2) by adding a provision limiting the petitioner's assistants at the inspection to one attorney and one accountant; (3) by adding a provision limiting the inspection to all books, records, papers, correspondence and memoranda relating to pending or proposed acquisitions of other firms or companies; (4) by deleting from the second decretal paragraph the provision directing the corporation and Goodman "to supply petitioner, his representatives, counsel and accountants with any and all information and data known to or in the possession or custody of respondents [the corporation and Goodman] relating to said corpration, Ex-Lax, Inc. and to furnish petitioner reports of all conferences with and opinions of counsel, accountants, banks, financial advisers or others"; (5) by deleting from the second decretal paragraph the words "and for obtaining the aforesaid information;" and (6) by adding a provision expunging from the record the proposed stipulations annexed as exhibits to the moving affidavit of petitioner's attorney. As so modified, the order is affirmed, without costs, and with leave to petitioner, if so advised, and upon a showing of need for additional time to complete the inspection, to apply to Special Term for an extension of the 10-day period. Findings of fact inconsistent with this decision are reversed, and new findings are made as indicated herein. The inspection shall proceed at the offices of the corporation on 5 days' written notice, or at such other time or place as the parties may mutually stipulate in writing. A director has an absolute, unqualified right to inspect all corporate books and papers (*Matter of Cohen* v. *Cocoline Prods.*, 309 N. Y. 119, 123). The corporate officers have no right to withhold any of the corporate books and records or to permit petitioner to have only a qualified or limited inspection, as in effect was done here, merely because such records and papers may be incomplete or, in their opinion, contain misleading information. In such a case, the officers should submit to the director seeking inspection *all* the desired records and papers, including those containing incomplete entries or information, with an explanation as to how and why they are incomplete and perhaps inaccurate or misleading. In this case, the inspection should be limited to the written records and papers relating to pending and proposed acquisitions, since petitioner's prelitigation demand sought no more than that, and since the alleged refusal by the corporation and Goodman denied to petitioner no more than that. The additional relief sought by petitioner, relating to unrecorded oral conferences, opinions and thoughts, may not be obtained in a proceeding such as the one at bar. On this record, we also believe that 10 days is sufficient time for the inspection granted, and that petitioner does not need the assistance of more than one attorney and one accountant to make the inspection. Finally, the proposed stipulations of settlement, which in our opinion contain no admissions or concessions of special fact, are inadmissible for any purpose; they should not have been considered by Special Term (*White* v. *Old Dominion S. S. Co.*, 102 N. Y. 660; *Union Bank* v. *Deshel*, 139 App. Div. 217). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.