■ ROBERT V. KEMP et al., Respondents, v LAKELANDS PRECAST, INC., et al., Appellants. LAKELANDS PRECAST, INC., Defendant and Third-Party Plaintiff-Appellant, v ANRAD CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. — Appeals (1) from a judgment of the Supreme Court in favor of plaintiffs, entered October 1, 1980 in Albany County, upon a verdict rendered at a Trial Term (Pennock, J.), and (2) from a judgment of said court in favor of the third-party defendant, entered September 26, 1980 in Albany County. Plaintiff Robert Kemp (hereinafter referred to as plaintiff), an employee of Anrad Construction Corp. (Anrad), sustained personal injuries on May 17, 1974 while working at an excavation site pursuant to a contractual agreement between New York Telephone Co. (owner) as owner of an easement and Anrad for the installation of a concrete vault. When the excavation was ready, the owner ordered the vault from Lakelands Precast, Inc. (Lakelands) pursuant to which order Lakelands was to deliver the vault to the site and place it into the excavation. The plaintiff's injuries were sustained as he assisted an employee of Lakelands and another employee of Anrad in the operation of lowering or preparing to lower the vault into the excavation from the bed of Lakelands' truck. The operation involved the use of a winch or crane attached to the open rear bed of the truck. In particular, plaintiff's left hand was trapped between the vault and a cable he was helping attach to the vault. Plaintiff brought this action against defendants seeking damages based upon common-law negligence and a violation of sections 200 and 241 of the Labor Law. Defendants asserted cross claims for contribution or indemnification and Lakelands instituted a third-party action against Anrad for apportionment and judgment over. The jury found in favor of plaintiffs, apportioning liability 60% to Lakelands and 40% to New York Telephone. A verdict of no cause of action was rendered in the third-party action. Defendants raise several issues as to the conduct of the trial, the trial court's charge, and alleged prejudicial conduct of plaintiffs' counsel. We find no reversible error and most of the issues do not warrant discussion. Defendant Lakelands contends that it was simply a materialman and not a contractor or agent for purposes of the Labor Law (cf. *Russin v Picciano & Son*, 78 AD2d 467). However, the fact that performance of its contract, by placing the material within the excavation was an integral part of the excavation-construction work, precluded, as a matter of law, a finding that it was not an entity subject to the duties of section 241 of the Labor Law. The trial court charged, without exceptions, that Lakelands' truck, upon which plaintiff was standing when injured, was, as a matter of law, an appurtenance of the work site for purposes of the Labor Law. That charge was eminently correct. (See *Struble v John Arborio, Inc.*, 74 AD2d 55, 57; *Page v State of New York*, 73 AD2d 479.) Defendant Lakelands further contends that the trial court erred in its refusal to charge a specific portion of subdivision 1 of section 673 of the Insurance Law. That portion provides: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for noneconomic loss, except in the case of a serious injury, or for basic economic loss." However, upon the facts in this case, the motor vehicle had been immobilized and was not in any way being used as a motor vehicle, having been incorporated into the work site. Notably, the operation of the crane or winch did not require the operation of the vehicle and, upon the facts herein, the refusal of the court to charge the requested provision of section 673 of the Insurance Law was not legal error. The record does not disclose any basis whereby it could be said that, as a matter of law, the jury finding of fault to the extent of 40% on the part of defendant New York Telephone lacked evidentiary support. The case of *Mauro v McCrindle* (70 AD2d 77, affd on opn below

52 NY2d 719) holds that indemnification may be claimed when a party is liable solely because of a legal duty (vicarious liability). Unlike *Mauro,* which presented only a question of pleading a cause of action for indemnity, the present case must be considered on its established facts and the trial court did not err when it refused to direct a verdict in favor of New York Telephone. Finally, while certain comments made by plaintiffs' counsel during the trial are not condoned, the record does not establish that there is any such likelihood of substantial prejudice as to warrant a new trial or a finding of error on the part of the trial court when it denied motions for a mistrial *(Bischert v Limousine Rental Serv.,* 33 AD2d 355). Judgments affirmed, with costs.

Sweeney, J. P., Kane, Main and Herlihy, JJ., concur.

Casey, J., concurs in part and dissents in part in the following memorandum.

Casey, J. (concurring in part and dissenting in part). In my view, an examination of the record reveals that, as a matter of law, the sole basis for defendant New York Telephone's liability to plaintiff is subdivision 6 of section 241 of the Labor Law, which imposes upon an owner "absolute liability" for a breach of the duty created by that statute irrespective of the owner's control of the job site *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290). Accordingly, New York Telephone's motion for a directed verdict on its cross claim against defendant Lakelands should have been granted. As noted by the court in *Allen* (p 301), "[w]hile the duty imposed by section 241 may not be delegated, the burden may be shifted to the party actually responsible for the accident". "The concept of implied indemnification is founded in the dual principles that the actual or primary tort-feasor should be liable for the consequences of his acts, and that causing a secondarily liable tort-feasor to bear the burden of paying damages would result in unjust enrichment to the primary tort-feasor. However, the law of indemnification also serves to reconcile two other legal principles: liability for fault and liability without fault (i.e., absolute or vicarious liability)" *(Mauro v McCrindle,* 70 AD2d 77, 81, affd on opn below 52 NY2d 719). Here, the record conclusively establishes that the sole proximate cause of the accident was the conduct of Lakelands' truck driver who delivered the vault to the job site. While New York Telephone had an inspector on the job site, his function was to inspect the work of the various contractors to ensure that it conformed with the plans and specifications; he had no responsibility or authority to direct the manner in which the work was to be accomplished. With respect to the particular incident that caused plaintiff's injuries, the inspector testified that he was about 20 feet from the truck, talking to the general contractor's foreman and that he was not involved in any way with the unloading of the vault. None of the witnesses to the accident contradicted this testimony. The inspector's only involvement in the incident occurred after the accident, when he attempted to alert Lakelands' driver of plaintiff's injury and rendered first aid to plaintiff. As between the two defendants, Lakelands was the actual or primary tort-feasor and the liability of New York Telephone, arising solely out of the statutorily created "absolute liability" of subdivision 6 of section 241 of the Labor Law, is wholly secondary. Under such circumstances, New York Telephone is entitled to indemnification from Lakelands *(Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1), and, therefore, the motion made by New York Telephone for a directed verdict on its cross claim against Lakelands should have been granted. The majority fails to mention the evidence that is contained in this record which requires or allows submission of that issue to the jury, and I have found none. In all other respects, I agree with the conclusions reached by the majority.