■ ANNA KOLLMER, Appellant, v SLATER ELECTRIC, INC., Defendant and Third-Party Plaintiff-Respondent. DELTA WELLS, INC., et al., Third-Party Defendant-Respondent; JAMES MONROE CONSTRUCTION CORP. et al., Fourth-Party Defendants-Respondents.—In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered April 17, 1985, as granted the defendant's motion during trial, to dismiss the plaintiff's causes of action alleging a violation of Labor Law § 241 (6).

Judgment reversed insofar as appealed from, on the law, the defendant's motion to dismiss the plaintiff's causes of action alleging violation of Labor Law § 241 (6) denied, those causes of action are reinstated, and new trial granted, with costs to abide the event.

On September 21, 1979, the plaintiff's decedent, an em-

ployee of the third-party defendant Delta Wells Inc. (hereinafter Delta) was engaged in an operation to construct certain dyfusion wells on land owned by the defendant Slater Electric, Inc. (hereinafter Slater) pursuant to a contract between Slater and Delta. Slater took no part in planning, supervising or directing the work to be performed by Delta. During the course of the work, a backhoe which the decedent had been using and which was the property of Delta, allegedly tipped on its side, and the decedent, who was ejected from the backhoe, was crushed between the backhoe and the side of a trench.

The action herein was commenced by the plaintiff as administratrix of the decedent's estate and individually against Slater, the owner of the land, to recover damages, *inter alia,* for wrongful death. The complaint alleged, *inter alia,* that the defendant Slater had violated "State Labor Law * * * § 241 in failing to provide the plaintiff's decedent * * * with a safe place to work".

After jury selection was completed, a conference was conducted before the trial court regarding the admissibility into evidence of proof that Delta had been found guilty of violating a regulation promulgated by the Occupational Safety and Health Administration (hereinafter OSHA), in that it failed to equip the subject backhoe with seatbelts.

The trial court, during this conference, also expressed reservations to the plaintiff's counsel regarding the validity of the cause of action against the defendant Slater, pursuant to Labor Law § 241 (6).

In an attempt to demonstrate a prima facie case against the defendant Slater under Labor Law § 241 (6), the plaintiff's counsel made an offer of proof, which, in addition to the OSHA violation, indicated that the subject backhoe had a defective seat locking device, and lacked a glass enclosure. The plaintiff's counsel also indicated that the plaintiff had expert witnesses, including an engineer and a medical examiner, who were prepared to testify respectively that (1) the backhoe, with these flaws, did "not meet the ordinary standards of equipment used at a job site that was adequate for the protection of a worker operating such a piece of equipment", and (2) these flaws in the backhoe were "causative factor[s] in contributing to the ejection of the deceased".

Counsel for Slater argued that the plaintiff had not demonstrated a valid cause of action under Labor Law § 241 (6) since his "client * * * was only the owner of land on which construction was taking place".

In a subsequent decision, Trial Term, *inter alia,* (1) ruled that the OSHA violation could not be admitted into evidence against Slater, and (2) dismissed the plaintiff's cause of action under Labor Law § 241 (6) against Slater.

The plaintiff's cause of action pursuant to Labor Law § 241 (6) must be reinstated.

Labor Law § 241 (6) has been held to impose a "nondelegable duty" under which owners are responsible for a breach of the requirements of that statute irrespective of their control or supervision of the work site *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300-301; *LaFrance v Niagara Mohawk Power Corp.,* 89 AD2d 757, 758, *appeal dismissed* 58 NY2d 747).

As the Court of Appeals stated in *Allen v Cloutier Constr. Corp. (supra,* at pp 300-301):

"Doubtless this duty is onerous; yet, it is one the Legislature quite reasonably deemed necessary by reason of the exceptional dangers inherent in connection with 'constructing or demolishing buildings or doing any excavating in connection therewith.' In pointing to this underlying policy inherent in the legislative product, we reiterate what we have expressed previously—that we construe the statute in a judicial role and do not function as legislators (see *Matter of Rapp v New York City Employees' Retirement System,* 42 NY2d 1, 6).

"Moreover, the statute now serves the salutary purpose of inducing owners and contractors to assure that only financially responsible and safety-conscious subcontractors are engaged so that a high standard of care might be maintained throughout the entire construction site."

It is well established that Labor Law § 241 (6) governs equipment which is brought onto a work site *(DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70; *La France v Niagara Mohawk Power Corp., supra; Kemp v Lakelands Precast,* 84 AD2d 630, *mod on other grounds* 55 NY2d 1032; *Nagel v Metzger,* 103 AD2d 1). Accordingly, the plaintiff's offer of proof clearly demonstrated a prima facie case against Slater under Labor Law § 241 (6), and her causes of action alleging a violation of Labor Law § 241 (6) should not have been dismissed prior to the taking of testimony.

The trial court also erred in stating that: "plaintiff is assuming a scenario concerning the manner in which the accident occurred that is wholly unsupported given the fact that there were no witnesses to the occurrence. The plaintiff is assuming that decedent was on the back-hoe; that the seat thereon was not equipped with seatbelts, and, hence, decedent

was caused to fall from the seat resulting in injury and death". The offer of proof by the plaintiff supported a finding that the decedent was indeed seated on the backhoe at the time of the accident, and was ejected from the backhoe.

With respect to the OSHA violation, the record indicates that Delta paid a fine for violating the OSHA regulation, pursuant to a stipulation of settlement which contained the following language: "This proposed settlement is not to be taken as an admission for the purpose of any proceeding other than one arising under the Occupational Safety and Health Act". Under these circumstances the stipulation of settlement concerning the OSHA violation should not be admitted into evidence during the new trial *(see,* Richardson, Evidence § 225, at 200 [Prince 10th ed]; *see also, Matter of Edelman v Goodman,* 21 AD2d 786; *Bigelow-Sanford, Inc., v Specialized Commercial Floors,* 77 AD2d 464). However, relevant OSHA regulations may be admitted into evidence and it will be for the jury to determine whether they were violated, and, if so, whether the violation constituted some evidence of negligence of the employer for which Slater would be vicariously liable *(see, Monroe v City of New York,* 67 AD2d 89; *Schumer v Caplin,* 241 NY 346, 351; *Conte v Large Scale Dev. Corp.,* 10 NY2d 20). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.