■ DOUGLAS SPERBER, Appellant, v PENN CENTRAL CORP. et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered July 13, 1987, as granted that branch of the defendants' motion which was for partial summary judgment dismissing so much of the plaintiff's second cause of action as sought recovery based upon Labor Law § 241.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for partial summary judgment dismissing so much of the plaintiff's second cause of action as sought recovery based upon Labor Law § 241 is denied.

The plaintiff was injured on July 25, 1984, while employed on the Harmon Yard Sewage Treatment Plant construction project in Westchester County. The project was carried out on property commonly known as the Croton Harmon Railroad

Station. On the date of the accident, the defendant Owasco River Railway Inc. (hereinafter Owasco), a wholly owned subsidiary of the defendant Penn Central Corp., was the owner in fee of the station. The record indicates that Owasco's predecessor in interest, i.e., the trustees of the Penn Central Transportation Company, had leased the subject property to the Metropolitan Transportation Authority in or about June 1972 for a term of 60 years. It is also clear from the record that, pursuant to the terms of the lease, the defendants, as of the date of the accident, had no right of access to the property and had no obligation to repair or maintain it.

Based on these facts, the defendants successfully argued before the Supreme Court that they were not "owners" within the meaning of Labor Law § 241. We disagree with the defendants' argument.

In *Celestine v City of New York* (86 AD2d 592, *affd* 59 NY2d 938, *for reasons stated at App Div)*, the defendant Long Island Rail Road Company argued that it could not be deemed an owner for the purposes of Labor Law § 241 because it had granted an easement over the property upon which the accident occurred to the City of New York and New York City Transit Authority. In rejecting that argument, this court stated *(Celestine v City of New York, supra,* at 593): "As the grantor of an easement, the LIRR still remained the owner of the fee (see, *Streuber v Meacham & Sons,* 163 App Div 574). Subdivision 6 of section 241 of the Labor Law, as it existed when this accident occurred (L 1969, ch 1108, § 3), made no distinctions based on encumbrances of any sort on ownership. The subdivision provided, in relevant part: '*All* contractors and *owners* and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * * 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed * * * operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein'. * * * The purpose of the 1969 amendment to section 241 of the Labor Law was to impose a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to persons employed in construction, excavation or demolition work, regardless of the absence of control, supervision or direction of the work *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290). Liability arises out of the duties referred to in section 241 and may not be escaped by delegation. *(Page v La Buzzetta,* 73 AD2d 483, 484.)" Similarly, in *Kerr v Rochester*

*Gas & Elec. Corp.* (113 AD2d 412), the court held that an owner lessor of property who does not hire or control the contractor may be held vicariously liable under Labor Law § 241 to a worker injured as a result of unsafe conditions at the construction site. Specifically, the court stated *(Kerr v Rochester Gas & Elec. Corp., supra,* at 416):

"A contrary interpretation of Labor Law §§ 240 and 241, excusing an owner-lessor from liability to an injured construction worker where the owner-lessor reserves no right to hire the contractor or control the work, would leave the injured worker with no recourse should the lessee and contractor lack the means to satisfy a judgment. Moreover, it is within the control of the fee owner, when he conveys a leasehold or other partial interest in the property, to select responsible grantees and to impose conditions in the conveyance concerning construction upon the premises.

"Under the precedent set by the Court of Appeals in *Celestine (supra),* the conclusion is inescapable. Rochester Gas and Electric Corporation is an 'owner' within the meaning of Labor Law §§ 240 and 241, even though it did not employ the contractor and had no right to supervise the work."

In view of these applicable precedents, the defendants herein must be considered "owners" within the meaning of Labor Law § 241. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.