**Michael WITT, Plaintiff,**

v.

**LIQUID ASPHALT SYSTEMS, INC. and AT & T Information Systems, Inc., Defendants.**

**LIQUID ASPHALT SYSTEMS, INC., Third–Party Plaintiff,**

v.

**HAYDEN ROOFING COMPANY, Third–Party Defendant.**

**AT & T INFORMATION SYSTEMS, INC., Second Third–Party Plaintiff,**

v.

**HAYDEN ROOFING COMPANY, Third–Party Defendant.**

No. 90 Civ. 3595 (GLG).

United States District Court, S.D. New York.

July 16, 1991.

Burke & McGlinn, Suffern, N.Y. (Patrick T. Burke, of counsel), for plaintiff.

Boeggeman, George, Jannace & Hodges, P.C., White Plains, N.Y. (Richard G. Corde, of counsel), for defendant and second third-party plaintiff.

McCabe & Mack, Poughkeepsie, N.Y. (David L. Posner, of counsel), for third-party defendant.

## OPINION

GOETTEL, District Judge:

AT & T Information Systems [hereinafter "AT & T"] hired Hayden Roofing Company to repair the roof on a plant located in Suffern, New York. A necessary part of the job consisted of the application of liquid asphalt. On May 20, 1989, plaintiff Michael Witt was standing atop a 37 ton liquid asphalt tanker manufactured by Liquid Asphalt Systems, Inc. and located on AT & T's property, transferring liquid asphalt into a smaller tanker with a 7½ ton capacity in order to carry the asphalt to a job for another party in a different location. The larger tanker exploded, seriously burning Witt, resulting in permanent scars and disability.

After trial on the issues of product liability and negligence, the jury found that 1) Liquid Asphalt had manufactured a defective product; 2) both Liquid Asphalt and Hayden Roofing were negligent; and 3) both the defective product and the negligence of both parties caused Witt's injuries. Forty percent of the liability was assigned to Liquid Asphalt, sixty percent to Hayden Roofing. The jury found that AT & T Systems had not been negligent and that the "transfer of liquid asphalt per-

formed by the plaintiff at the time of his injury [was not] an integral part of the construction work being performed for AT & T by Hayden Roofing." The jury awarded roughly $1.7 million to Witt.

Although the jury did not find any negligence on the part of AT & T, under New York state law, AT & T may nevertheless be liable for Witt's injuries. This decision will address that issue in response to AT & T's motion to be dismissed from the case on the grounds that it was not negligent and that the work being performed by Witt at the time he was injured was not an integral part of the contract being performed for AT & T.

■■■ New York Labor Law § 241(6) imposes a nondelegable duty upon an owner to provide a safe and reasonable work site.[1] This section has been construed to establish an absolute liability upon an owner for a breach of the duties imposed by the statute irrespective of the owner's control or supervision of the construction site. *Allen v. Cloutier Construction Corp.,* 44 N.Y.2d 290, 405 N.Y.S.2d 630, 634, 376 N.E.2d 1276 (1978); *Celestine v. City of New York,* 86 A.D.2d 592, 446 N.Y.S.2d 131 (2d Dep't 1982), *aff'd,* 59 N.Y.2d 938, 466 N.Y.S.2d 319, 453 N.E.2d 548 (1983). Thus, even if a site owner does not directly or indirectly control or supervise the work site, the owner is still liable for any breaches of the duty to provide a safe work place committed by a contractor or subcontractor working on its premises. *Sergio v. Benjolo, N.V.,* 562 N.Y.S.2d 476 (1st Dep't 1990) (neither lack of control over the work nor over the premises negates owner's liability under § 241(6)). In addition, injuries resulting from the use of a defective product placed on the owner's property will result in liability being ascribed to the owner. *Kollmer v. Slater Electric, Inc.,* 122 A.D.2d 117, 504 N.Y.S.2d 690 (2d Dep't 1986). Although the statute refers to construction, excavation, or demolition, repairs

---

1. The statute states that "all contractors and owners ..., when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: All areas in which construction, excavation or demolition is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." N.Y. Labor Law § 241(6) (McKinney 1986 and Supp.1991).

to a building roof are within the ambit of this statute. *See Shaheen v. International Business Machines Corp.*, 157 A.D.2d 429, 557 N.Y.S.2d 972 (3d Dep't 1990).

■ AT & T does not dispute the broad scope of this statute. Rather, it contends that N.Y. Labor Law § 241(6) was not intended to create absolute liability but instead to place vicarious liability on the site owner only when the worker is injured in the course of performing work benefitting the site owner. AT & T contends that liability results only when the work being performed by the injured worker is an integral part of the contract. Thus, AT & T maintains that it cannot be held liable in light of the particular facts of this case.

Testimony at the trial revealed that Hayden was cleaning out its asphalt storage tank and accordingly stored its liquid asphalt in the 37 ton tanker which was then placed on the AT & T site. Some of this asphalt was to be used on the AT & T roof. When Hayden Roofing needed liquid asphalt to fulfill the requirements of another contract, it had to transfer asphalt from the large tanker to a small tanker which would convey the asphalt to the other work site. Witt, when he was injured, was in the process of transferring asphalt to a smaller tanker in order to bring it to another job. As noted earlier, the jury found that the transfer of the asphalt was not an integral part of the contract by which Hayden Roofing was working for AT & T.

While the parties maintain that the law of New York [2] is clear, but disagree as to what it is, we find the case law to be undecisive. To resolve the question of whether under § 241(6), AT & T is liable for Witt's injury as the owner of the work site, careful consideration must be given to the policy underlying this particular statute and the construction given to it by New York courts.

Section 241(6) was intended to give the construction worker protection in addition to that provided by worker's compensation. *Allen v. Cloutier Construction*, 405 N.Y. S.2d at 633, 376 N.E.2d at 1279. It thus imposed "absolute liability upon an owner

or contractor for a breach of the duties imposed by subdivisions 1 through 6 of section 241." *Id.* at 634, 376 N.E.2d at 1279. AT & T suggests that "absolute liability" would result in the owner being liable for any injury occurring on-site. Such an extreme result would be unlikely because under the statute, the owner's absolute liability results only when a worker is injured as the result of negligence or a breach of some duty on the premises. We recognize that the burden on the site owners is indeed onerous, *id.*, particularly since these owners more often than not exercise no control or supervision over work performed on their property by contractors hired to provide the expertise that the site owner lacks. To hold owners responsible for site safety especially when the owner has no ability to exercise meaningful control or supervision is a heavy placement of responsibility. Indeed, this accident occurred on a Saturday when, except for security personnel, the AT & T premises were closed. But the intent of § 241(6) is to burden the site owner not with the responsibility of ensuring that the site is safe but with the burden of hiring contractors who will meet this challenge. Thus, whether the work being performed on site is for the benefit of the site owner is essentially an irrelevant inquiry because the owner should be selecting contractors who are concerned with worker safety regardless of what work is being performed.

■ A careful survey of cases addressing the liability of a site owner under § 241(6) confirms this view. For example, in *Rapp v. Zandri Construction Corp.*, 569 N.Y.S.2d 994 (3d Dep't 1991), the plaintiff sustained eye injuries after a co-worker fired a staple gun in what amounted to horseplay, surely not an integral part of the work being performed on site. The contractor's failure to provide protective eye gear was the basis of the site owner's liability. In *Celestine v. City of New York, supra,* 446 N.Y.S.2d 131, the property in question was the subject of an easement. The grantor of the easement was held liable under § 241(6) even though the work being performed at the time of the accident was for the benefit of the ease-

---

**2.** This diversity action is governed by New York     state law as the tort occurred in New York.

ment holder, not the property owner. These cases illustrate that so long as the contractor's negligence caused the worker's injury, liability can be assigned to an owner even when it derives no benefit from the work being performed at the time the injury occurred. *See also Sperber v. Penn Central Corp.*, 150 A.D.2d 356, 540 N.Y.S.2d 877 (2d Dep't 1989); *Nagel v. Metzger*, 103 A.D.2d 1, 478 N.Y.S.2d 737 (4th Dep't 1984).

AT & T maintains that *Sprague v. Louis Picciano, Inc.*, 100 A.D.2d 247, 474 N.Y.S.2d 591 (3d Dep't), *appeal denied*, 62 N.Y.2d 605, 479 N.Y.S.2d 1026, 467 N.E.2d 895 (1984), stands for the proposition that "the work which caused the accident must have been an integral part of the construction project." In *Sprague*, the contractor's employee was injured unloading steel pipes to be used in the installation of snow-making equipment. The injury took place not at the work site, but in a nearby parking lot. Review of that case reveals that its holding rested not on whether the pipes were an integral part of the contract but on whether the area in which they were being unloaded could be construed as an "area ... in which construction, excavation or demolition work is being performed." The court found that the storing of products to be used in construction did not, of itself, transform the lot into a work area within the scope of § 241(6). *Id.*, 474 N.Y.S.2d at 594.[3]

Another approach to the issue posed here is provided by the analysis in *Kemp v. Lakelands Precast, Inc.*, 84 A.D.2d 630, 444 N.Y.S.2d 274 (3d Dep't 1981). There, the plaintiff was injured while standing on a truck being used to lower a concrete vault into an excavation. The Appellate Division endorsed the trial court's charge that the truck was, as a matter of law, an appurtenance of the work site for the purposes of § 241(6). *Id.*, 444 N.Y.S.2d at 275. Here, the tanker was on the AT & T site for the purpose of providing asphalt to the job being performed for AT & T. Because the tanker was there for the AT & T job, it was part of the work site, and AT & T was liable for any breaches by Liquid Asphalt or Hayden Roofing. Following the *Kemp* analysis, that the accident occurred while a transfer for the benefit of another party was being made is irrelevant to the inquiry. Moreover, it was the storage tank used on the AT & T work, and not the transfer vehicle, which exploded.

In its shifting of responsibility, N.Y. Labor Law § 241(6), "serves the salutary purpose of inducing owners ... to assure that only financially responsible and safety-conscious [ ] contractors are engaged so that a high standard of care might be maintained throughout the entire construction site." *Id.* Threatened with absolute liability for breaches of duties owed to employees by contractors, the site owner has an incentive to hire contractors with good safety records. Cost shifting mechanisms will dictate that the contractor be financially responsible.[4] After careful consideration of the matter, we find that AT & T is liable under N.Y. Labor Law § 241(6) for the injuries suffered by Michael Witt on May 20, 1989. Judgment will be entered against AT & T, Liquid Asphalt Systems, and Hayden Roofing Company.

SO ORDERED.

---

**3.** Hayden Roofing has briefed this issue in support of AT & T because liability on the part of AT & T would ultimately be borne by Hayden Roofing as a result of an indemnification clause in their contract. Citing *Nagel v. Metzger, supra*, 478 N.Y.S.2d 737, Hayden Roofing argues that "liability is imposed on owners who are 'those parties with the property interest to hire the general contractor to undertake their construction work on their behalf.'" Precisely. AT & T hired Hayden Roofing to perform repair work on its behalf. Hayden was on its premises because it was performing work on behalf of AT & T. AT & T is an owner within the meaning of the statute and is therefore liable for negligence committed by Hayden Roofing as Hayden Roofing points out.

**4.** The burden may be shifted either by way of a claim for apportionment of damages or by contractual language requiring indemnification by the injured worker's employer. Here, AT & T had an indemnification agreement with Hayden Roofing and the cost of the damages will be placed upon Hayden Roofing, the actual culpable party.