■ CATHERINE M. SEAMAN, Appellant, v A.B. CHANCE COMPANY et al., Respondents. (And a Third-Party Action.) [602 NYS2d 693] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 2, 1990, which denied her motion for summary judgment pursuant to CPLR 3212 and granted the cross motion of the Town of Babylon for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting

the provision thereof which granted those branches of the cross motion of the Town of Babylon which were for summary judgment dismissing the plaintiff's third and fourth causes of action sounding in negligence and her seventh and eighth causes of action sounding in wrongful death, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

Labor Law § 200 codified a landowner's common-law duty to provide workers with a reasonably safe place to work (see, Lombardi v Stout, 80 NY2d 290, 294; Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). It is settled jurisprudence that liability will attach to a landowner pursuant to Labor Law § 200 (1) only when the injuries were sustained as the result of an actual dangerous condition at the work site, rather than as the result of the manner in which the work was performed (see, Lombardi v Stout, supra; Whitaker v Norman, 146 AD2d 938, 939, affd 75 NY2d 779), and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident (see, Allen v Cloutier Constr. Corp., supra; Whitaker v Norman, supra). Here, the record shows that the Town of Babylon (hereinafter the Town) had documented notice of a live power wire running through a tree which it had slated for removal. We find that this constituted an actual dangerous condition in the Town's right-of-way of which it had actual notice. Although the manner in which the work was performed was a contributing factor to the deceased's electrocution, it cannot be said as a matter of law that it was the sole proximate cause. Consequently, the Supreme Court erroneously determined that Labor Law § 200 did not apply to the case at bar.

In addition, contrary to the finding of the Supreme Court, we find that the plaintiff properly pleaded two causes of action, grounded in theories of negligence and wrongful death, alleging breach of the Town's duties pursuant to 12 NYCRR part 3, which sets forth a standard of care for cutting, trimming, and removing trees near power lines (12 NYCRR 3.1 et seq.).

Accordingly, we conclude that the plaintiff's third, fourth, seventh, and eighth causes of action should not have been dismissed. Given this conclusion, we note that the settlement concerning the admitted violations of rules of the Federal Occupational Safety and Health Administration by the deceased's employer may not be admitted into evidence at trial

(see, *Kollmer v Slater Elec.,* 122 AD2d 117). Balletta, J. P., O'Brien and Santucci, JJ., concur.

Miller, J., concurs in part and dissents in part and votes to further modify the order appealed from, on the law, and to deny those branches of the motion of the Town of Babylon which were for summary judgment dismissing the second and sixth causes of action, with the following memorandum, in which Ritter, J., concurs. I concur in the conclusion of the majority to reinstate those causes of action predicated upon common-law principles of negligence and to recover damages for wrongful death. However, I would further reinstate the causes of action in the complaint based upon violations of Labor Law § 241 (6) and (7).

On July 16, 1986, the plaintiff's decedent, then 23 years of age, was electrocuted while cutting down a dead tree. The tree was situated on land owned by the defendant Town of Babylon. Electric power transmission lines ran through the branches of the tree. The decedent was standing on an uninsulated platform provided by his employer Rainbow Landscaping and Design Co. when he apparently came into contact with the electric power lines, causing his death.

The plaintiff's second and sixth causes of action allege violations of Labor Law § 241 (6) and (7). The majority in this case, without comment, agrees with the determination of the Supreme Court that liability against the Town of Babylon cannot be imposed based upon those provisions. In my opinion, such a conclusion does not comport with the statute's remedial purpose.

Labor Law § 241 (6) provides, in pertinent part:

"All contractors and owners and their agents * * * when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *

"All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places."
This statute imposes a nondelegable duty pursuant to which landowners are vicariously responsible for any breach of the requirements of the statute, irrespective of their control or supervision of the work site (see, *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300; *Monroe v City of New York,* 67 AD2d 89).

The statute's stated purpose is to serve as an inducement to owners and contractors so as to assure that only financially responsible and safety-conscious subcontractors are engaged so that a high standard of care is maintained at the work site *(see, Allen v Cloutier Constr. Corp., supra)*. To effectuate the policy underlying this enactment, courts have applied this statute with great liberality *(see, e.g., Mosher v State of New York,* 80 NY2d 286).

The gravamen of the complaint is that the plaintiff's decedent, while attempting to remove a dead tree along the Town's roadway, was electrocuted because the aerial platform he was standing on was uninsulated and therefore, did not comply with 12 NYCRR part 3 *(see,* 12 NYCRR 3.12). In my view, the removal of dead trees along the Town's roadway to make the roadway safe for its intended use constitutes the type of activity falling within the purview of Labor Law § 241 (6) *(see, Mosher v State of New York, supra)*. Under the circumstances, I find that summary judgment in favor of the defendant Town of Babylon with respect to the plaintiff's second and sixth causes of action was inappropriate.

On constraint of *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), I concur with the majority's affirmance of the Supreme Court's determination that the plaintiff has no cause of action under Labor Law § 240 (1), commonly known as the "Scaffold Law."