OPINION OF THE COURT
Harold Tompkins, J.
The applicability of Labor Law § 241 (6) to proprietary lessees and cooperative unit owners who neither direct nor supervise the work is the issue before the court. It arises in the context of motions for summary judgment dismissing the complaint by the cooperative corporation defendant, 45 East 85th Street Corporation, and the unit owner, defendant Robert Constant.
The case involves a worker, plaintiff John DeNota, involved in the renovation of defendant Constant’s cooperative apartment who was injured while cutting wood on a saw. Plaintiff raises claims under Labor Law § 241 (6) and § 200.* It is undisputed that defendant Robert Constant neither directed nor controlled the work. Additionally, the renovation of the three-bedroom apartment was solely for the residential use of defendant Constant and his family. Defendant Constant notified defendant 45 East 85th Street Corporation and obtained the requisite approval for renovation.
OWNERSHIP UNDER LABOR LAW § 241 (6)
Labor Law § 241 (6) provides a nondelegable duty on owners and contractors to provide reasonable and adequate protection according to the rules and regulations administratively specified (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 *736 [1993]; Allen v Cloutier Constr. Corp., 44 NY2d 290 [1978]). The purpose of the statute is to encourage owners and contractors to furnish safe working conditions through the means of holding the owner and contractor liable, and encouraging them to implead the actual tortfeasor (usually a subcontractor) and ensuring a recourse to the injured worker (see, Allen v Cloutier Constr. Corp., supra; Siracuse, New Rules-New Game: The Court of Appeals’ New Interpretation of Labor Law Section 241 [6], 24 Trial LQ 13, 15 [1993-1994]).
Defendant 45 East 85th Street Corporation, the cooperative corporation, contends that it should not be held liable since it did not contract for the renovation work. There is authority supporting the proposition that an owner is a party that has an interest in the property and contracted to have the work performed (see, Mangiameli v Galante, 171 AD2d 162 [3d Dept 1991]; Copertino v Ward, 100 AD2d 565 [2d Dept 1984]). A party that did not contract to have work performed may lack the ability to ensure the use of adequate safety devices.
However, the statutory purpose of affording protection to workers employed in construction, excavation or demolition is to provide a recourse to the workers regardless of the absence of control, supervision or direction of the work (see, Allen v Cloutier Constr. Corp., supra; Sperber v Penn Cent. Corp., 150 AD2d 356 [2d Dept 1989]). The owner is in the position to ensure that adequate protection is provided and the statutory liability provides the motive (see, Allen v Cloutier Constr. Corp., supra; cf., Pacheco v South Bronx Mental Health Council, 179 AD2d 550 [1st Dept 1992] [holding a prospective lessee was not liable since the occupancy commenced when the structure was ready for occupancy]).
Under the circumstances, the court rejects the argument that defendant 45 East 85th Street Corporation is not an owner for purposes of Labor Law § 241 (6) and its motion for summary judgment dismissing the Labor Law § 241 (6) cause of action against it is denied.
THE ONE- AND TWO-FAMILY DWELLING EXEMPTION
Defendant Constant, the unit owner and proprietary lessee, is the owner for the purposes of Labor Law § 241 (6) since he has an interest in the property and contracted to have the work performed (cf., Green v 300 Cent. Park W. Apts. Corp., NYLJ, Oct. 30, 1991, at 22, col 2 [Sup Ct, NY County]). *737 However, defendant Constant seeks summary judgment based upon the exemption provided in both Labor Law § 240 and Labor Law § 241 (6) for owners of one- and two-family dwellings who contract for, but do not direct or control the work.
The court has obtained the Bill Jacket to review the legislative intent of this exemption added to the statute in 1980 (L 1980, ch 670). The purpose of the one- and two-family exemption was to ameliorate the result of Haimes v New York Tel. Co. (46 NY2d 132 [1978]) which held owners strictly liable under Labor Law § 240 despite the lack of direction or control over the work. The Law Revision Commission’s report included in the Bill Jacket considered it was unrealistic and unfair for one- and two-family dwelling owners to be held strictly liable where they do not direct the work (see, Van Amerogen v Donnini, 78 NY2d 880 [1991]; Cannon v Putnam, 76 NY2d 644 [1990]). The Court of Appeals has noted that the Legislature was aware of the practical reality that a homeowner engaged in renovation is unlikely to be aware of or to ensure against strict liability. It recognized that a homeowner would not be in a superior position as against the parties hired to perform construction. While this court must be mindful that the exemption is not improperly extended to those owners engaged solely in commercial purposes such as commercially renting the property (see, Lombardi v Stout, 80 NY2d 290 [1992]), in this case, defendant Constant is concededly intending to use the premises for residential purposes. He, therefore, is precisely in the position of the owner of a one-family dwelling who hires a contractor to renovate his house (see, Brown v Christopher St. Owners Corp., 211 AD2d 441 [1st Dept 1995]). The difference that his dwelling is within an apartment building does not give him a better position as against the renovator that performed the work. He is therefore within the class of persons that the statutory amendment of 1980 sought to protect and his motion for summary judgment dismissing the complaint against him is granted (see, Krukowski v Steffensen, 194 AD2d 179 [2d Dept 1993]; Edwards v Ackerman, 157 AD2d 770 [2d Dept 1990]).
Finally, the cause of action for breach of Labor Law § 200, the codification of common-law duty to provide a reasonably safe place to work is dismissed against both defendant 45 East 85th Street and defendant Constant. The lack of supervisory control over the work by defendant 45 East 85th Street and the deposition testimony of plaintiff DeNota and defen *738 dont Constant establishing lack of supervision by defendant Constant require dismissal of this claim (see, Lombardi v Stout, supra; Devodier v Haas, 173 AD2d 437 [2d Dept 1991]). Plaintiff has not shown that either defendant 45 East 85th Street Corporation or defendant Constant had notice of the purportedly dangerous condition.

 A cause of action under Labor Law § 240 has been discontinued. The case is scheduled for jury selection on January 19, 1995, and both counsel have been advised by the Clerk of this decision.