OPINION OF THE COURT
Geoffrey J. O’Connell, J.
Defendants Carol Lee Wieder,* Picket Farm Homeowner’s Association, doing business as The Hamlet (Hamlet), Arlene Wachtel and Stanley Harrison all move this court for orders dismissing all claims against them and granting them summary judgment pursuant to CPLR 3212. Plaintiff opposes the applications.
In this action sounding in negligence plaintiff alleges that he was injured while repairing a roof of condominiums known as unit Nos. 312, 314, 315 and 316 Vista Drive, Jericho, New York. Plaintiff alleges that he was employed by the Hamlet, and was hired to perform repairs at this structure and the defendants directed the method and manner of work and repairs he performed. He claims that on or about February 26, 1996, at approximately 2:00 p.m., he was cleaning and/or repairing the rain gutters on the roof of the structure when the wooden slat he was kneeling on for support came away from the roof, causing him to fall. He claims that he sustained serious physical injuries as a result of the fall. He brings this action against the defendants alleging that they were negligent in failing to provide him with certain safety equipment, and further alleging that the defendants violated sections 200, 240, and 241 of the Labor Law.
All of these condominium units are attached as part of a single structure known as 61 Vista Drive, Jericho. All of the condominiums share a common foundation, common walls and a common roof. Plaintiff alleges the defendant Hamlet owns the structure at 61 Vista Drive. The other named defendants are owners of the individual condominium units therein. The *241 individual defendants pay common charges and maintenance fees to the Hamlet and entered into an agreement with the Hamlet to perform certain repairs to the building.
Defendants Wieder, and Wachtel, owners of unit Nos. 315 and 314, respectively, contend that they are entitled to a dismissal of the claims against them. Pursuant to the Labor Law, they allege that as the owners of the individual condominium units, they are entitled to the statutory exception which prevents these Labor Law claims against owners of one- and two-family homes who do not direct or control the work.
In addition, Wieder and Wachtel claim that as they did not direct or control the work, they cannot be found negligent. Defendants note that in his bill of particulars, plaintiff claims that although there was one united roof over these four units, he was working on the portion nearest to unit No. 312 when he fell. Plaintiff concedes that there was no actual notice of any negligent condition to the defendants. Wieder and Wachtel claim that they are entitled to summary judgment as there is no evidence that they hired plaintiff to work on the roof, nor is there evidence that they supervised the work or provided plaintiff with tools to make the repairs.
Defendant Harrison, owner of unit No. 312, adopts these arguments in seeking dismissal of the claims against him. He contends that although the work was allegedly being performed on the common roof, at or near his unit, he did not hire plaintiff, direct or supervise his work, and therefore claims that he is entitled to the same Labor Law exemption, and cannot be found to have acted negligently.
The Hamlet also seeks summary judgment. Defendant, the Hamlet, fails to provide the court with a copy of its answer interposed to the complaint or copies of the pleadings in the third-party action. Thus, the application is deficient on its face. (CPLR 3212 [b].)
Counsel for the Hamlet contends that this homeowner’s association is actually comprised of three separate condominium associations consisting of a number of units. The Hamlet contends that it provides maintenance and services to the three condominium associations. It contends that it is not actually an owner of any of the individual units or common areas and, therefore, it cannot be held liable for plaintiff’s injuries pursuant to the Labor Law, which imposes liability on owners.
Plaintiff opposes all applications. He claims that Wieder, Wachtel and Harrison are liable as they "collectively” hired *242 plaintiff’s employer to perform the work on the roof. He contends that the individual owners acted collectively as a condominium association to form a Board of Managers which is responsible for maintenance of all common areas and elements, including the roof and gutters. He contends that it was this Board who contracted with plaintiff’s employer to perform the work, and therefore the individuals can be held liable.
The Labor Law imposes a nondelegable duty on the "owners” of real property to provide reasonable and adequate protection and safety to persons employed in the construction, excavation, or demolition work, regardless of the absence of control and supervision. The statute defines "owners” broadly, to include all parties with a property interest who hire the general contractor. It is not limited to merely the titleholder.
However, there is a specific exception to owners of one- and two-family residences who do not direct or control the work being performed in or on the premises. (Cannon v Putnam, 76 NY2d 644 [1990].) Unless owners of one- and two-family dwellings exercise direction and control of construction work and/or the workers, they are exempt from liability under the Labor Law. This is true even where the homeowner contracts for the work to be performed with plaintiff’s employer. This exemption includes cooperative owners. (Brown v Christopher St. Owners Corp., 211 AD2d 441 [1st Dept 1995], affd 87 NY2d 938 [1996]; DeNota v 45 E. 85th St. Corp., 163 Misc 2d 734 [1995].)
Plaintiff offers no evidence that he was employed directly by any one of the individual owners, or that any one of those owners supervised or directed his work. In his affidavit in opposition to the motion, plaintiff admits that he was hired by the Hamlet to perform the work on the roof of the structure.
 Thus, the court finds that Wieder, Wachtel and Harrison, as owners of individual condominium units, are specifically exempt from the Labor Law and dismisses those claims against them. Further, as plaintiff offers no evidence that any of these individuals directed, supervised or controlled his work, the court finds that Wieder, Wachtel and Harrison have established that they are entitled to summary judgment on plaintiff’s cause of action alleging they were negligent in causing plaintiff’s injury. Plaintiff has failed to establish that any of the individually named defendants had a duty to provide him a safe work environment or safety equipment. Plaintiff has failed to establish that there is a triable issue of fact as to their individual liability.
When a party has demonstrated that it is entitled to summary judgment the opponent must lay bare his proof to estab *243 lish that there is a triable issue of fact. With respect to plaintiff’s claims against Wieder, Wachtel and Harrison, the court finds that plaintiff’s proof fails. The motions of those defendants for summary judgment dismissing the claims against them are granted.
The motion of the Hamlet for summary judgment is denied, with opportunity to renew after completion of discovery. The Hamlet fails to provide the court with a copy of all necessary pleadings pursuant to CPLR 3212 (b). Further, the court finds that the Hamlet has failed to demonstrate that it is entitled to summary judgment on the first cause of action sounding in negligence.
The remaining applications of the parties are denied.

 Originally plaintiff also brought an action against William Wieder, who is deceased; that action was discontinued.