■ VITO BONVENTRE et al., Respondents, v GEORGE ROSE et al., Defendants, and DANIEL J. ROSE et al., Appellants. [706 NYS2d 905] —In an action to recover damages for personal injuries, etc., the defendants Daniel J. Rose and Thomas Guarascio appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 4, 1999, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as seeks to recover damages based on violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied those branches of the appellants' motion which were for summary judgment dismissing so much of the complaint as seeks to recover damages based on violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them. A triable issue of fact exists as to whether the appellant Thomas Guarascio acted as the agent for the appellant Daniel J. Rose and exercised sufficient supervisory control over the worksite so as to render the single-family exemption under Labor Law § 241 (6) inapplicable (*see, Cannon v Putnam,* 76 NY2d 644; *Kenny v Fuller Co.,* 87 AD2d 183; *Seaman v A.B. Chance Co.,* 197 AD2d 612). Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.