■ MATTHEW BRUCE, Appellant, v JANET LAWRENCE et al., Respondents. [756 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Cammer, J.), dated March 6, 2002, which denied his motion for summary judgment and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Clifford Smith, and (2), as limited by his brief, from so much of an order of the same court dated June 27, 2002, as denied his motion for leave to renew and reargue his prior motion.

Ordered that the appeal from so much of the order dated June 27, 2002, as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 6, 2002, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Clifford Smith, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 27, 2002, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the caption is amended to add Clifford Smith as a defendant.

When an owner of a one- or two-family dwelling contracts for work that directly relates to the residential uses of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability of Labor Law § 240 (*see Bartoo v Buell,* 87 NY2d 362, 368 [1996]). Here, the Supreme Court correctly determined, inter alia, that there are triable issues of fact as to whether the work directly related to the residential use of the home, even if the work also served a commercial purpose (*see Bartoo v Buell, supra; Cannon v Putnam,* 76 NY2d 644 [1990]). Moreover, the branch of the plaintiff's motion which was for leave to renew was properly denied since he failed to offer a reasonable excuse for not submitting the additional facts when the original motion and cross motion were made (*see Waldman v Bobover Yeshiva Bnei Zion,* 289 AD2d 399 [2001]).

However, contrary to the defendants' contention, there is evidence that the defendant Clifford Smith, the husband of the defendant Janet Lawrence, maintained a degree of control over the work being performed on the property, which was owned by Lawrence. There was evidence that Smith was acting as Lawrence's agent when he directed the plaintiff to save certain beams by working on the roof, and directed him to cut the beams at the ends so that they could be reused. In fact, the plaintiff averred that Smith provided him with a chain saw, and went on the roof and demonstrated how the beams were to be cut. This evidence was sufficient to raise a triable issue of fact as to Smith's supervision and control over the work site where the accident occurred, thereby requiring denial of that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint insofar as it was asserted against Smith (*see Bonventre v Rose,* 271 AD2d 468 [2000]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

In the order dated June 27, 2002, the Supreme Court sua sponte amended the caption to delete Clifford Smith as a defendant. Since we are reinstating the complaint against Smith, we also must amend the caption to add him as a defendant. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.